403 So.2d 1000 (1981)
Robert Lee GREER, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. ZZ-64.
District Court of Appeal of Florida, First District.
April 28, 1981.
Rehearing Denied June 2, 1981.
Robert L. Greer, pro se.
Catherine L. Dickson, Asst. Gen. Counsel, Tallahassee, for Florida Parole and Probation Commission, respondent.
PER CURIAM.
Petitioner was sentenced in November, 1978, to a term of 5 years with a minimum mandatory period of 3 years for the crime of aggravated assault. Petitioner asserts the Commission refuses to establish a presumptive parole release date for him and will not set a date until he has served his mandatory minimum term. Responding to this Court's inquiry, the Commission affirmatively acknowledged petitioner's claim, noting its rule which specifies that "... the Commission will not assign presumptive parole release dates to persons serving mandatory minimum sentences until they have served the mandatory minimum." Fla. Admin. Code, Rule 23-19.02(2)(d).
Our review of the relevant statutory provisions of Chapter 947, Florida Statutes (1979), leads us to conclude that the Commission is under a clear legal duty to establish, within six months or one year from the date of initial confinement, a presumptive parole release date for every inmate eligible for parole consideration, regardless of when he may actually be released on parole.[1] See 1979 Op.Att'y.Gen.Fla. 079-92 (Oct. 10, 1979).
*1001 Furthermore, we note the Parole Commission's response indicates action inconsistent with its argued position. In particular, the Commission states that the instant petitioner is scheduled to have his initial interview some eight months prior to the expiration of his minimum mandatory term of imprisonment. It appears that the Commission is establishing a date at its convenience rather than at the expiration of an inmate's minimum mandatory term of imprisonment or within the time limits imposed by the statutes. Section 947.16, Florida Statutes (1979), does not permit such an exercise of discretion. Finding Rule 23-19.02(2)(d), Florida Administrative Code invalid, we hereby order the Commission to establish a presumptive parole release date for petitioner within 15 days, if such has not already been established, and hence-forth timely establish presumptive parole release dates for all inmates with mandatory minimum sentences, if they are otherwise entitled to such dates.
McCORD, ROBERT P. SMITH, Jr. and ERVIN, JJ., concur.
NOTES
[1] Section 947.16(1), Fla. Stat. (1979), provides that:

Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole. An inmate who has been sentenced for an indeterminate term or a term of five years or less shall have an initial interview conducted by a hearing examiner panel within six months after the initial date of confinement in execution of the judgment. An inmate who has been sentenced for a minimum term in excess of five years shall have an initial interview conducted by a hearing examiner panel within one year after the initial date of confinement in execution of the judgment. An inmate convicted of a capital crime shall be interviewed at the discretion of the Commission. As used in this section, the term "confined" shall be deemed to include presence in any appropriate treatment facility, public or private, by virtue of transfer from the Department of Corrections under any applicable law. (emphasis supplied)
Section 947.16(2), Fla. Stat. (1979), provides:
An initial hearing may be postponed for a period not to exceed 60 days. Such postponement shall be for good cause, and the reasons therefor shall be noted in writing and included in the official record. However, in no case shall such postponement result in a hearing being conducted any time later than one year after the initial date the inmate is confined in execution of the judgment of the court. (emphasis supplied)
While Section 947.16 does contain several exceptions under which an inmate is not entitled to have his PPRD established within a short time from his initial confinement, no such exception speaks to minimum mandatory terms.