PER CURIAM.
Petitioner, an inmate under the supervision of the Florida Department of Corrections, received a five-year sentence on January 23,1981. He remained incarcerated in the Bay County jail until he was delivered to the custody of the Department of Corrections on October 11, 1981. Section 947.-16(1), Fla.Stat.(1981), requires the Florida Parole and Probation Commission (Commission) to interview inmates with sentences of five years or less “within 6 months after the initial date of confinement in execution of the judgment.” Petitioner was not interviewed before July 23, 1981, but was scheduled for his parole interview in March, 1982. He filed this petition for writ of mandamus to compel the Commission to interview him promptly. We grant the petition.
The issue is whether confinement in a county jail prior to delivery to the custody of the Department of Corrections constitutes confinement in execution of the judgment as contemplated in § 947.16(1), Fla. Stat.(1981). That question appears to have been answered by the Commission’s own Rule 23-21.06(1), Fla.Admin.Code, which provides:
Upon receipt of notice that an inmate has been committed to the Department or to a county jail for a cumulative sentence of 12 months or more, the Administrator of Parole Grant and Work Release shall schedule an initial interview of the inmate.
In order to meet statutory time frames, inmates serving an indeterminate sentence or a sentence of 5 years or less shall be scheduled for initial interview not later than the end of the 5th month of their confinement ...
We conclude that petitioner should have been interviewed within six months of the Commission’s receipt of notice of petition *649 er’s incarceration.[1] Accordingly, the Commission is directed to determine when it received notice of petitioner’s confinement in execution of his judgment, to conduct the prescribed initial interview if that has not already been done, and to establish petitioner’s presumptive parole release date using the rules that were in effect at the time petitioner should have been interviewed.
ROBERT P. SMITH, Jr., Chief Judge, and McCORD and BOOTH, JJ., concur.

. There is some uncertainty concerning the date the Commission was notified of petitioner’s confinement. Petitioner asserts that his initial interview was postponed on July 21, 1981, which indicates that the Commission was then aware of petitioner’s confinement. Counsel for the Commission, however, reports that “There is nothing in Petitioner’s Department of Corrections file to indicate where Petitioner spent the period between his date of sentence and his date of reception on October 1, 1981.” (Response, p. 1)