418 So.2d 329 (1982)
Howard T. OISHI, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. AL-459.
District Court of Appeal of Florida, First District.
August 3, 1982.
Howard T. Oishi, pro se.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondent.
PER CURIAM.
Petitioner, an inmate in the custody of the Department of Corrections, brings this petition for writ of mandamus to compel the Florida Parole and Probation Commission to comply with its statutory duty by interviewing him and establishing a presumptive parole release date. We grant the petition and order the Commission to establish a PPRD for petitioner and to notify petitioner and this Court of its action within 15 days of the date of this order.
Oishi has been confined in execution of a three year sentence since August 26, 1981. Section 947.16(1), Fla. Stat. (1981), requires the Commission to grant parole interviews to prisoners having sentences of five years or less within six months of confinement in execution of judgment. Therefore, petitioner should have been interviewed by the end of February, 1982.[1] He *330 petitioned this Court for relief in May, 1982. On May 26, 1982, we issued an order to show cause, returnable within 15 days, why the Commission had not interviewed petitioner and had not established a PPRD, as required by the Objective Parole Guidelines Act. However, no response from the Commission was forthcoming. So on June 25, 1982, this Court issued the following order:
 TO: Malcolm S. Greenfield
 1309 Winewood Blvd.
 Bldg. 6
 Tallahassee, Fla. 32301
Pursuant to Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978), you are directed to show cause in writing within ten (10) days from the date of this order why you should not be held in contempt or have other sanctions imposed for your failure to comply with the Florida Rules of Appellate Procedure and this Court's order issued May 26, 1982.
Counsel's filing of a response addressing the merits of this case, within ten (10) days, will cause this Court to recede from the above order.[2]
On June 30, 1982, counsel for the Commission responded to the merits of the allegations in the petition, admitting that petitioner had not been interviewed, nor had a PPRD been established. Respondent, however, requested that
the Court hold in abeyance any action on the petition for writ of mandamus until such time as Respondent can receive and properly docket for Commission action the results of the initial interview scheduled for the month of June, 1982, but such date for Commission action not to exceed July 14, 1982, and notice to the Court and Mr. Oishi not to exceed July 19, 1982.
In reliance upon the representations of counsel for the Commission, we decided to refrain from taking any action on the petition until consideration of the July 19, 1982, notice to the Court. However, counsel for the Commission did not notify the Court, nor did he notify petitioner, as is evidenced by petitioner's motion for issuance of the writ filed here on July 28, 1982.[3] We now grant the petition; however, as we believe the Commission will comply with this decision, we withhold issuance of the writ at this time.
Furthermore, we order counsel for the Commission to show cause within 10 days why he should not be held in contempt for his failure to comply with this Court's first show cause order and his representation to the Court that he would notify the Court and petitioner by July 19, 1982, of action taken by the Commission. We note that in many appeals of Commission action, counsel for the Commission has been grossly negligent in serving the indexes and records, as well as answer briefs,[4] but that this Court has repeatedly denied motions for sanctions and motions to strike the answer brief. These motions were ultimately denied because striking the answer brief only places an undue burden upon this Court to do the work of the Commission's advocate. We give notice that the Court will no longer tolerate such casual disrespect for the processes of this Court.
ROBERT P. SMITH, C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Additionally, Fla. Admin. Code Rule 23-21.05(2) requires the Commission to schedule inmates with sentences of five years or less for initial interviews by the end of the fifth month of their confinement. See also, Hayes v. FPPC, 414 So.2d 648 (Fla. 1st DCA 1982); Greer v. FPPC, 403 So.2d 1000 (Fla. 1st DCA 1981); James v. FPPC, 395 So.2d 197 (Fla. 1st DCA 1981); and Battis v. FPPC, 386 So.2d 295 (Fla. 1st DCA 1980).
[2] On this same day, we issued similar orders in the following cases: Matsen v. FPPC, Case No. AK-451; McKee v. FPPC, Case Nos. AL-168 and AK-456; Hawkins v. FPPC, Case No. AK-150.
[3] Petitioner Oishi indicates that he was interviewed on June 26, 1982, and a PPRD was recommended by the hearing examiner panel.
[4] E.g., Arlotta v. FPPC, Case No. AJ-416; Kline v. FPPC, Case No. AL 415; Dean v. FPPC, AH-91; and Williams v. FPPC, Case No. AH 438.