444 So.2d 1108 (1984)
Aaron W. JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. AT-210.
District Court of Appeal of Florida, First District.
January 30, 1984.
Rehearing Denied February 24, 1984.
Lloyd L. Vipperman, Jr., Gainesville, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Appellant's contention that his double jeopardy rights were infringed, or that he was prejudiced in the defense of the conspiracy charge for which he was tried by reason of a material variance between the information and bill of particulars and the proof at the trial, have been considered and found to be without merit. We also disagree with appellant's contention that the changes in the substantive statute, Section 944.47, Florida Statutes, amended effective July 1, 1982, could not be applied to the conspiracy charge against him, and therefore affirm.
A defendant is not entitled to a bill of particulars specifying the exact day upon which a crime occurred if the exact date is not known. State v. McGregor, 409 So.2d 504 (Fla. 4th DCA 1982). Moreover, as appellant concedes, there was only one conspiracy here. Epps v. State, 354 So.2d 441 (Fla. 1st DCA 1978). However, it is abundantly clear that acts constituting the conspiracy occurred both before and after the effective date of the statutory amendment to Section 944.47, which increased the penalty for introduction of contraband into a state penal institution from a third degree felony to a second degree felony, thereby causing the conspiracy to commit that crime to become a felony, rather *1109 than a simple misdemeanor. Cases decided under the RICO statute, Section 943.462, Florida Statutes (1979), hold that that statute, applying to a course of ongoing criminal activities, much as a conspiracy does, may be applied to criminal activities occurring before the effective date of that act, and thus not offend constitutional prohibitions against ex post facto laws, as long as at least one act occurred after the effective date of the statute. Carlson v. State, 405 So.2d 173, 174 (Fla. 1981); State v. Whiddon, 384 So.2d 1269, 1271 (Fla. 1980). By analogy to the reasoning applied in the RICO cases, since acts in the conspiracy here clearly occurred after the effective date of the statutory amendment, the mere fact that the conspiracy commenced before the effective date of the amendment does not render the application of the amended law to appellant's crime an impermissible retroactive application of the law.
Furthermore, evidence of prior, similar criminal conduct is admissible to prove the existence, formation or organization of a conspiracy charged. U.S. v. Torres, 519 F.2d 723 (2nd Cir.1975), cert. den. 423 U.S. 1019, 96 S.Ct. 457, 46 L.Ed.2d 392 (1975); 20 A.L.R.Fed. § 4(c), Conspiracy  "Prior Similar Conduct."
AFFIRMED.
WIGGINTON and NIMMONS, JJ., concur.