PER CURIAM.
The trial court sentenced the appellee to 5.375 years in prison, which term represented the minimum guideline sentence. On ap-pellee’s motion for modification of sentence, the trial court suspended the entire term. According to the trial court, “suspension [did] not take it outside of the guidelines sentence. It remains a guideline sentence.”
On appeal, the state asserts that this constituted a downward departure without written reasons, and that the trial court should be required to impose a guidelines sentence on remand. The appellee correctly concedes that the sentence must be reversed. See Fraser v. State, 602 So.2d 1299 (Fla.1992); Salemi v. State, 636 So.2d 824 (Fla. 2d DCA 1994). However, the appellee argues that the trial court should be permitted to impose a departure sentence upon remand since the court was unaware it was imposing a departure sentence.
Where, as here, the record indicates that the trial court was not aware that a departure sentence had been imposed, the court may consider whether a departure sentence is appropriate on remand, and if so, the court must set forth valid reasons for the departure. Nelson v. State, 650 So.2d 1085 (Fla. 1st DCA 1995).
Accordingly, this cause is reversed and remanded for resentencing.
MINER, WOLF and VAN NORTWICK, JJ., concur.