679 So.2d 9 (1996)
Donnell JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3038.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
Rehearing Denied September 25, 1996.
Donnell Johnson, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee; and Joseph A. Tringali, Assistant *10 Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Donnell Johnson appeals the summary denial of his motion for post conviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part and remand.
Appellant was convicted of two counts of sexual battery on a child and sentenced to two consecutive terms of life imprisonment. This court affirmed his convictions. Johnson v. State, 605 So.2d 85 (Fla. 4th DCA 1992). For the purpose of a rule 3.850 motion, the judgment and sentence became final when the mandate issued on October 9, 1992. Huff v. State, 569 So.2d 1247 (Fla.1990). Appellant filed his rule 3.850 motion on October 24, 1994. Nothing extended the time within which he had to seek post conviction relief. Because the motion was untimely, we affirm the trial court's denial of that portion of the motion claiming ineffective assistance of counsel.
Johnson also argues that his life sentences are illegal, in that they provided for no possibility of parole.[1] At the time, sexual battery upon a child was a capital felony punishable by life imprisonment with "no less than 25 years before becoming eligible for parole." §§ 775.082(1), 794.011(2), Fla. Stat.(1989).[2] Section 947.16(2)(g)3, Florida Statutes (1989) provided that an inmate serving a mandatory minimum sentence was entitled to an initial interview for parole consideration no sooner than 18 months prior to the expiration of the mandatory minimum portion of the sentence. Construed together, these statutes enable an inmate to obtain parole after completion of the twenty five year mandatory minimum. The portion of the sentence withholding parole for the entire life sentence was in excess of that authorized by the legislature. The plenary power of the legislature to prescribe punishment for criminal offenses cannot be abrogated by a court fashioning a sentence outside statutory provisions. State v. Coban, 520 So.2d 40, 41 (Fla.1988). The supreme court has held that a sentence may not withhold eligibility for parole where it is provided for by statute. In Bedford v. State, 633 So.2d 13 (Fla.1994), a defendant convicted of kidnapping was sentenced to life without eligibility for parole. Kidnapping was a first degree felony "punishable by imprisonment for a term of years not exceeding life." § 787.01(1)(a)(2), Fla. Stat. (1989). The supreme court held that the prohibition of eligibility for parole was illegal and struck that portion of the sentence.
To the extent that the sentences in this case withhold eligibility for parole after completion of the twenty five year mandatory minimums, they are similarly illegal and must be corrected.
As to the remaining claims for post conviction relief, we find no error in the trial court's summary denial of the motion and affirm.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WARNER and FARMER, JJ., concur.
NOTES
[1] As to the allegation of an illegal sentence, the motion was timely under rule 3.850(b), which provides that a motion to vacate a sentence which "exceeds the limits provided by law may be filed at any time."
[2] The current sentence for a capital felony is life imprisonment with no eligibility for parole. § 775.082(1), Fla. Stat. (1995).