680 So.2d 1132 (1996)
Thomas GILBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2330.
District Court of Appeal of Florida, Third District.
October 16, 1996.
Bennett H. Brummer, Public Defender and Craig J. Trocino, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Gilbert appeals from his sentences to four consecutive thirty-year and six concurrent fifteen-year terms for sexual offenses against his daughter, which were alleged and shown to have occurred on unspecified dates between December 13, 1993 and March 24, 1994. The 1994 sentencing guidelines, which apply only to offenses "committed on or after January 1, 1994," § 921.001(4)(b) 2, Fla. Stat. (1995), yielded a permissible range of 23 years to 38.5 years imprisonment. The trial court, however, sentenced within the "guidelines enacted effective October 1, 1983 [which] apply to all felonies except capitol felonies, committed on or after October 1, 1983, and before January 1, 1994," § 921.001(4)(b) 1, Fla. Stat. (1995), and which permitted a sentence of 27 years to life. We agree with the defendant's contention, and the state's concession, that this was error.
It is admittedly impossible to determine from either the information or the evidence whether the crimes were committed before or after January 1, 1994. Because the conclusion that they occurred after that date, *1133 which results in the application of the lower, 1994, guidelines, is more favorable to the defendant, the familiar "rule of lenity" requires that he be given the benefit of that doubt. § 775.021(1), Fla. Stat. (1995); see State v. Griffith, 675 So.2d 911 (Fla.1996)(uncertainty as to the date of offenses resolved in favor of being committed before defendant reached sixteen and thus subject to lesser penalties).
The sentence of 120 years imposed below represented an upward departure from the thus-controlling 1994 guidelines range, which was not supported by any contemporaneous written reasons and must therefore be vacated. Pope v. State, 561 So.2d 554 (Fla. 1990). Since, however, the sentence was within the guidelines the trial court erroneously applied, it should be granted the opportunity, after remand, to enter a departure sentence appropriately supported by written reasons. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Henderson v. State, 577 So.2d 653 (Fla. 1st DCA 1991), review denied, 589 So.2d 291 (Fla.1991); State v. Hughes, 677 So.2d 852 (Fla. 1st DCA 1995). If it does not do so, it must resentence Gilbert within the 1994 permitted range.
Vacated and remanded with directions.