766 So.2d 277 (2000)
S.R.A., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0271.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
*278 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
The primary issue presented by this appeal is the length of community control that may be imposed upon a juvenile when the trial court withholds adjudication of delinquency. We hold that where adjudication is withheld, the trial court may impose an indeterminate sentence of community control that cannot go beyond a child's nineteenth birthday.
Appellant S.R.A. was ten years old when the state charged him with battery and disorderly conduct arising out of an incident with a classmate. After an adjudicatory hearing, the trial judge found S.R.A. guilty of battery and not guilty of disorderly conduct. The court withheld adjudication of delinquency and placed appellant on community control with a number of special conditions, "for an indeterminate period of time, not longer than" S.R.A.'s twenty-first birthday. The court set a date three and a half months after the adjudicatory hearing to review the sentence; the court indicated that if appellant had performed certain conditions of probation, that he would "probably ... terminate [S.R.A.] from probation at that time."
The appropriate length of community control when a court has withheld adjudication of delinquency is a matter of statutory interpretation. Section 985.201(4)(a), Florida Statutes (1999), generally provides that once the circuit court obtains jurisdiction over a juvenile under Chapter 985, the court may retain jurisdiction until the child reaches nineteen years of age:
Notwithstanding ss. 743.07, 985.229, 985.23, and 985.231, and except as provided in ss. 985.31 and 985.313, when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
See Henry & Rilla White Found. v. Migdal, 720 So.2d 568, 571-72 (Fla. 4th DCA 1998).
Chapter 985 establishes two different ceilings on the length of a community control sentence depending on the court's decision on the adjudication of delinquency. Section 985.228(4), Florida Statutes (1999), expressly makes adjudication a discretionary decision of the trial judge:
If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a community control program under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court ...
Id. (italics supplied); see § 985.23(2), Fla. Stat. (1999) (providing that when a child has been found to have committed a delinquent *279 act "[t]he first determination to be made by the court is a determination of the suitability or nonsuitability for adjudication and commitment of the child to the department").
Section 985.23(4), Florida Statutes (1999), addresses the court's alternatives when adjudication is withheld:
If the court determines not to adjudicate and commit to the department, then the court shall determine what community-based sanctions it will impose in a community control program for the child. Community-based sanctions may include, but are not limited to, participation in substance abuse treatment, restitution in money or in kind, a curfew, revocation or suspension of the driver's license of the child, community service, and appropriate educational programs as determined by the district school board.
Other than this general grant of authority to place the child on community control, no other provision of Chapter 985 specifically limits the length of a sentence when adjudication is withheld. See G.R.A. v. State, 688 So.2d 1027, 1028 (Fla. 5th DCA 1997). The only statutory limit on the length of community control when adjudication of delinquency is withheld is section 985.201(4)(a), which permits the retention of jurisdiction until the child reaches nineteen years of age.
When the court adjudicates a child to be delinquent and places the child in a community control program, section 985.231(1)(a)1.a., Florida Statutes (1999), specifically limits the term of community control:
If supervision or a program of community service is ordered by the court, the duration of such supervision or program must be consistent with any treatment and rehabilitation needs identified for the child and may not exceed the term for which sentence could be imposed if the child were committed for the offense, except that the duration of such supervision or program for an offense that is a misdemeanor of the second degree, or is equivalent to a misdemeanor of the second degree, may be for a period not to exceed 6 months.

(Italics supplied). Except for second degree misdemeanors, this section limits the term of community control to the maximum sentence that could be imposed if the child were committed to the department of juvenile justice, which "may not exceed the maximum term of imprisonment that an adult may serve for the same offense." § 985.231(1)(d), Fla. Stat. (1999).
Where adjudication is withheld, Chapter 985 thus permits an indeterminate community control sentence until the juvenile turns nineteen. This holding is consistent with M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997), which construed similar provisions of Chapter 39, Florida Statutes (1993). The second district has agreed with the holding of M.B.. See N.W. v. State, 736 So.2d 710 (Fla. 2d DCA), rev. granted, 744 So.2d 455 (Fla.1999); M.G. v. State, 696 So.2d 1340 (Fla. 2d DCA 1997).
Appellant urges us to recede from M.B. and follow G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997). There the fifth district held that regardless of the decision on adjudication, sentences of community control could not exceed the statutory maximum terms of incarceration for any crime charged other than a second degree misdemeanor, for which community control could not exceed six months. See id. at 1028. The fifth district arrived at this holding without extensive analysis. The court recognized that where adjudication was withheld, the limitations of section 39.054(1)(a)1, Florida Statutes (1995), did not apply. See id. However, the fifth district then reasoned:
Nonetheless, the court should not be able to impose a penalty harsher than that permitted if G.R.A. were adjudicated delinquent or if G.R.A. were an adult offender. Section 39.054(1)(a)1 permits the court to place a child adjudicated delinquent on a second degree misdemeanor, *280 or its equivalent, on community control for up to six months. Similarly, the maximum probationary period for an adult found guilty of a second degree misdemeanor, whether or not the court withholds adjudication, is six months. Smith v. State, 484 So.2d 581 (Fla.1986); § 984.15(1), Fla. Stat. (1995). The one-year period imposed on G.R.A. for disorderly conduct should therefore be reduced to a period not to exceed six months.
Id.; see M.J.C. v. State, 701 So.2d 128 (Fla. 5th DCA 1997); V.W. v. State, 693 So.2d 722 (Fla. 5th DCA 1997).
We decline to follow G.R.A.. Neither appellant nor the fifth district have identified any constitutional infirmity with M.B.'s statutory interpretation. The fifth district did not explain its legal reasoning for adjusting the sentence in G.R.A.
In the juvenile area, the primary purpose of sentencing is remedial. See §§ 985.01, 985.02, Fla. Stat. (1999). Setting penalties for crimes is within the power of the legislature. E.g., Johnson v. State, 679 So.2d 9, 10 (Fla. 4th DCA 1996). Given the rehabilitative component of community based sanctions, the legislature may have wanted to encourage judges to withhold adjudication by providing that when adjudication is withheld, the juvenile could remain subject to judicial control until his or her nineteenth birthday. "The plenary power of the legislature to prescribe punishment for criminal offenses cannot be abrogated by the courts in the guise of fashioning an equitable sentence outside the statutory provision." McKendry v. State, 641 So.2d 45, 47 (Fla.1994) (quoting State v. Coban, 520 So.2d 40, 41 (Fla.1988)). G.R.A. usurps the legislature's prerogative to fashion punishment for criminal conduct. As did the second district in N.W., we certify conflict with the fifth district's decision in G.R.A.
Appellant has identified language in the order placing him on community control which should be clarified. The order must be corrected to reflect that community control may not run beyond appellant's nineteenth birthday.
Affirmed in part, reversed in part, and remanded for correction of the community control order.
STONE, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree with the majority's decision, inter alia, because our prior holding in M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997), compels this result. If we were writing on a clean slate, however, I would follow the fifth district's holding in G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997), which would preclude a longer period of supervision for a juvenile whose adjudication is withheld, than for one who is adjudicated. I therefore agree with our certification of conflict with G.R.A.