765 So.2d 743 (2000)
Michael D. DUER, Petitioner,
v.
Michael W. MOORE, Secretary, Department of Corrections, Respondent.
No. 1D99-3407.
District Court of Appeal of Florida, First District.
May 22, 2000.
Petitioner pro se.
Robert A. Butterworth, Attorney General; Judy Bone, Assistant Attorney General, Tallahassee, for Respondent.
BENTON, J.
By petition for writ of certiorari, Michael Duer invokes our jurisdiction to review the circuit court's order denying the petition for writ of mandamus he filed there. Art. V, § 5(b), Fla. Const.; Fla. R.App. P. 9.030(c)(3). His petition for writ of mandamus sought an order directing the Department of Corrections (DOC) to recognize "a right to have his incentive gain-time applied consistent with the laws in effect at the time of offense." We grant the petition for writ of certiorari and quash the order denying the petition for writ of mandamus. On remand, the circuit court should issue a writ of mandamus unless "it appears that appellant would be entitled to immediate release from incarceration if properly credited with the time he is seeking, [in which event] the petition should be treated as a petition for writ of habeas corpus." Steele v. State, 733 So.2d 1117, 1118 (Fla. 4th DCA 1999).
Mr. Duer pleaded nolo contendere, insofar as pertinent here, to counts two and four of the information filed in Case No. CR96-3353 (Fla. 9th Cir. Mar. 14, 1996) alleging lewd acts on or with certain minors "on divers dates on or between the 1st day of January, 1995 and the 8th day of November, 1995." Convicted of these offenses on his plea, he received concurrent, seven-year sentences.
DOC originally awarded him incentive gain-time under section 944.275(4)(b), Florida *744 Statutes (1993), at the rate of twenty days per month. Section 944.275(4)(b) was later amended, see Ch. 95-294, § 2, at 2717-18, Laws of Fla. (Stop Turning Out Prisoners Act), however, to halve the rate at which incentive gain-time can be awarded and to provide that, as to "sentences imposed for offenses committed on or after October 1, 1995, ... no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner's release, prior to serving a minimum of 85 percent of the sentence imposed." § 944.275(4)(b)3., Fla. Stat. (1995).
After the amendment, in response to DOC's notice of its intention to apply the amended statute, Mr. Duer sought administrative redress, citing e.g., Waldrup v. Dugger, 562 So.2d 687, 692 (Fla.1990) ("Even the `grace' of the legislature, once given, cannot be rescinded retrospectively."). He exhausted administrative remedies before filing the petition for writ of mandamus in circuit court by filing first an informal grievance, then a formal grievance with DOC, then an appeal at DOC under provisions of chapter 33-29, Florida Administrative Code. In denying his administrative appeal, DOC referred to allegations in the information in Case No. CR96-3353 "that your offenses occurred on or between January 1, 1995 and November 8, 1995" and asserted: "As you are convicted of committing a crime on or after October 1, 1995, you fall under the 85% time frame."
We reject DOC's suggestion that the information should be interpreted as charging a single, "continuing assault." Cf. Puffinberger v. State, 581 So.2d 897, 900 (Fla.1991) (finding the "offense ... continued after the ... effective date of the permitted guideline ranges"); Jenkins v. State, 444 So.2d 1108, 1108 (Fla. 1st DCA 1984) (finding it "abundantly clear that acts constituting the conspiracy occurred both before and after the effective date of the statutory amendment").
Petitioner has been convicted of offenses that may or may not have been committed on or after October 1, 1995. A plea of nolo contendere establishes what the information alleges and no more. See Falco v. State, 407 So.2d 203 (Fla.1981); Vinson v. State, 345 So.2d 711 (Fla.1977). The information in Case No. CR96-3353 alleges offenses in the plural, possibly as few as two per count, but fails to specify precisely when over a period exceeding ten months the offenses took place. No evidence established the dates on which the offenses actually occurred.
The present case thus resembles Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996), where offenses were alleged to have occurred on unspecified dates between December 13, 1993, and March 24, 1994. Until January 1, 1994, the guidelines permitted a sentence of up to life imprisonment for the offenses alleged, while the guidelines that took effect on January 1, 1994, permitted a sentence of no more than 38.5 years. The court ruled:
It is admittedly impossible to determine from either the information or the evidence whether the crimes were committed before or after January 1, 1994. Because the conclusion that they occurred after that date, which results in the application of the lower, 1994, guidelines, is more favorable to the defendant, the familiar "rule of lenity" requires that he be given the benefit of that doubt. § 775.021(1), Fla. Stat. (1995); see State v. Griffith, 675 So.2d 911 (Fla.1996)(uncertainty as to the date of offenses resolved in favor of being committed before defendant reached sixteen and thus subject to lesser penalties).
Gilbert, 680 So.2d at 1132-33. Similarly, it is impossible to determine from the information filed in Case No. CR96-3353no evidence was put onwhether the crimes were committed before or after October 1, 1995. In the present case, however, the conclusion that the crimes occurred before rather than after the date on which the law changed is more favorable to the defendant and is, under the rule of lenity explicated in Gilbert, the appropriate presumption in order to give the defendant the *745 benefit of the doubt. See State v. Griffith, 675 So.2d 911, 912 (Fla.1996).
We do not accept petitioner's contention that section 921.001(4)(b)(3), Florida Statutes (1995), which pertains to guidelines, not gain-time, is dispositive. Nor do we rely in any way on the reported failure, in a subsequent legislative session, of an effort to amend section 944.275(4)(b) to require DOC to treat "indeterminate offense dates" as dates certain. See generally United States v. Mitchell, 39 F.3d 465, 469 n. 6 (4th Cir.1994) ("Silence is an unreliable source of legislative intent."); Fleeman v. Case, 342 So.2d 815, 817 (Fla.1976) ("We decline to divine legislative intent ... from one attempt to amend ... [even a] proposed law in one chamber of the Legislature [despite the proposed law's enactment that session]."); Ellsworth v. Ins. Co. of North America, 508 So.2d 395, 398 (Fla. 1st DCA 1987) ("the effect of the ... amendments is not determinative of legislative intent with respect to the [original enactment]").
The petition for writ of certiorari is granted, the order denying the petition for mandamus is quashed, and the case is remanded for further proceedings consistent with this opinion.
BROWNING, J., CONCURS; MINER, J., CONCURS IN RESULT REACHED.