PER CURIAM.
Michael W. Moore, as Secretary of the Department of Corrections, appeals an order having the effect of granting John Tolbert’s petition for writ of habeas corpus by default. Because appellant timely served a motion for extension of time to respond below and neither that motion nor a subsequent one were ever disposed of by the circuit court, and because appellant’s response was filed before the default was entered, the finding that appellant was in default was erroneous. See Fla. R.App. P. 9.010, 9.030(c)(3), and 9.300(b); see also Pinnacle Corp. of Central Florida, Inc. v. R.L. Jernigan Sandblasting & Painting, Inc., 718 So.2d 1265 (Fla. 2d DCA 1998). In addition, even assuming the granting of habeas corpus relief by default may be appropriate in egregious and extraordinary circumstances, such circumstances were not present here.
Accordingly, the order granting Tol-bert’s petition for writ of habeas corpus is reversed, and the matter is remanded for further proceedings. While we are not addressing the merits of the issue raised in Tolbert’s petition, the attention of the circuit court and the parties in that regard is directed to this court’s recent decision in Duer v. Moore, 765 So.2d 743 (Fla. 1st DCA 2000). Since Duer was decided during the pendency of this appeal, we suggest that it might be appropriate for the circuit court to call for supplemental briefing concerning its applicability to this case.
REVERSED and REMANDED for further proceedings.
JOANOS, MINER and ALLEN, JJ., concur.