778 So.2d 387 (2001)
Cheryl Erin FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3535.
District Court of Appeal of Florida, Second District.
January 17, 2001.
PER CURIAM.
Appellant challenges the summary denial of her motion to clarify sentence. Appellant alleged in her motion that, according to the trial court's oral pronouncement, the sentences imposed in trial court case number CF96-06254 were to be served concurrently with the sentences imposed in trial court case number CF96-04989. She further alleged that she is, in actuality, serving the sentences in the two cases consecutively to each other. The trial court's order stated that the written sentences in CF96-06254 do not reflect that they are to be served concurrently with the sentences imposed in any other case and that "the presumption is that [appellant's] sentences are consecutive."
Appellant's motion was inartfully drafted but is akin to a claim that the written sentence does not comport with the oral pronouncement. Such a claim is cognizable in a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). See Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997). If there is a discrepancy between the oral pronouncement and the written sentences, "the written sentencing documents shall be corrected to conform to the oral pronouncement." Williams v. State, 744 So.2d 1156, 1156 (Fla. 2d DCA 1999). The trial court did not address appellant's claim that the written sentence *388 does not comport with the oral pronouncement but merely reviewed the written sentence. On remand, the trial court shall consider this claim. The trial court shall also consider appellant's claim that she did not receive the proper credit in this case for the time she spent incarcerated prior to her sentencing.
Reversed and remanded with instructions.
NORTHCUTT, A.C.J., and SALCINES and STRINGER, JJ., concur.