PER CURIAM.
The Florida Department of Corrections petitions this court for a writ of certiorari to review an order of the Circuit Court of *1221 Okaloosa County which granted the habe-as corpus petition of Jesse J. Davis. We have jurisdiction, Sheley v. Florida, Parole Commission, 720 So.2d 216 (Fla.1998). For the reasons set forth below, we grant the department’s petition, quash the circuit court’s order, and remand for further proceedings.
Davis filed a habeas corpus petition in this court, contending that the department had not properly calculated his release date when he was returned to custody after he violated the probationary term of a split sentence. The case was transferred to the Circuit Court for Okaloosa County. The circuit court issued an order on February 27, 2001, which directed the department to respond “within 30 days of receipt of this order.” The department received the order on March 5, 2001, and determined that, pursuant to the express terms of the order to show cause, the response was due on or before April 4. On April 2, 2001, the department served its motion for extension of time to respond to the habeas corpus petition and gave as its grounds the heavy caseloads of the department’s attorneys. However, the circuit court issued an order on April 16 which denied the department’s motion for extension of time and granted the relief sought by Davis in his habeas corpus petition. The department moved for rehearing, contending that its motion for extension of time was timely made and showed good grounds and that Davis’s habeas corpus claim was barred by the doctrine of res judicata and failed to show entitlement to relief on the merits. When the motion for rehearing was denied, the instant petition for writ of certio-rari was filed. We issued an order to show cause and have considered Davis’s arguments in opposition to the petition.
The granting of the habeas corpus petition in these circumstances, without considering the opposing views of the department, was a departure from the essential requirements of law. The motion for extension of time in which to respond was timely and stated good grounds. The circuit court petition was improperly granted on a default basis. Moore v. Tolbert, 763 So.2d 1268 (Fla. 1st DCA 2000). Moreover, the department has made a preliminary showing to this court of the correctness of its contentions that Davis’s claim is procedurally barred and without merit. Cunningham v. State, 742 So.2d 356 (Fla. 5th DCA 1999).
PETITION GRANTED.
ERVIN, MINER and POLSTON, JJ., concur.