807 So.2d 753 (2002)
Carl E. HURD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2880.
District Court of Appeal of Florida, Third District.
February 13, 2002.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
COPE, J.
Carl E. Hurd appeals an order denying his motion for postconviction relief. We affirm in part and reverse in part.
*754 Defendant-appellant Hurd was indicted for first degree murder, attempted first degree murder, and other offenses in Miami-Dade County circuit court case number 94-1017. The crime date was March 25, 1994.
Defendant was indicted for first degree murder and another offense in Miami-Dade County circuit court case number 94-1018. The crime date was January 11, 1994.
In exchange for a waiver of the death penalty on the first degree murder charges, defendant entered into a plea bargain in both cases. As outlined in the plea colloquy, defendant was to be sentenced to life imprisonment and would be eligible for parole after serving twenty-five years.
While serving his sentences, defendant was advised by an inmate law clerk that his sentences for first degree murder carried the life penalty without eligibility for parole. Defendant filed his motion for postconviction relief. He argued that he should be relieved from the pleas because the terms of the pleas could not be carried out.
With respect to the sentences for first degree murder, the defendant and the inmate law clerk are in error. Under the statutes in effect at the time of the crimes, a life sentence for first degree murder carries parole eligibility after twenty-five years. See § 775.082(1), Fla. Stat. (1993).[1]
There is, however, a problem with defendant's sentence for count II, attempted first degree murder, in circuit court case number 94-1017. Defendant received a life sentence on that count. That is a guidelines life sentence, and there is no parole for a guidelines life sentence. See § 921.001(10), Fla. Stat. (1993); Wemett v. State, 567 So.2d 882, 884 (Fla.1990).
There is no doubt that the plea agreement in this case was for parole eligibility after twenty-five years. Defendant is entitled to have the sentence on count II amended in order to carry out the terms of the plea agreement. We therefore direct that the sentence on count II be reduced to twenty-five years. Defendant need not be present.
The State acknowledges that the plea agreement was for parole eligibility after twenty-five years. The State opposes postconviction relief, however, arguing that the defendant had to seek postconviction relief within two years after imposition of the sentences in this case. Defendant was sentenced in 1996, and more than two years have elapsed.
We reject the State's argument on this point. Where a sentencing order fails to carry out the terms of a plea bargain, the matter can be treated as a motion to correct illegal sentence. Ferguson v. State, 778 So.2d 387 (Fla. 2d DCA 2001). We therefore treat the defendant's Florida Rule of Criminal Procedure 3.850 motion as a motion brought under Rule 3.800(a).
For the reasons stated, we reverse the trial court order in part and remand for modification of sentence on count II of circuit case number 94-1017. We affirm the denial of the defendant's remaining claims for relief.
Affirmed in part, reversed in part, and remanded for modification of sentence.
NOTES
[1] The statute was subsequently amended by chapter 94-228, Laws of Florida, to eliminate parole on a life sentence for a capital felony, but the statutory change did not become effective until after the date of the defendant's crimes. Thus, chapter 94-228 does not apply to the defendant.