874 So.2d 1242 (2004)
Phillip DUFFY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4136.
District Court of Appeal of Florida, Second District.
June 9, 2004.
*1243 FULMER, Judge.
Phillip Duffy appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for resentencing.
Duffy was charged by information with one count of capital sexual battery, occurring between October 2, 1993, and October 1, 1995. He was found guilty as charged by a jury on April 24, 2001. In his motion, Duffy claimed that his sentence for capital sexual battery was illegal because the court imposed a life sentence without imposing the mandatory minimum twentyfive years with eligibility for parole, as required by section 775.082(1), Florida Statutes (1991). Duffy cites to the 1991 statutes and erroneously states that the time frame alleged in the information commenced in 1992 instead of 1993. This error is of no significance because section 775.082(1) remained unchanged in 1993. In 1995, section 775.082 was amended to eliminate the possibility of parole for capital crimes that do not result in punishment by death. Ch. 95-294, § 4, Laws of Fla. Under the rule of lenity, Duffy was entitled to be sentenced under the 1993 version of the statute because it was the more lenient. See Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996).
In its order, the trial court denied Duffy's motion "based upon the contents of the State's Response." In its response, the State acknowledged that Duffy correctly quoted the provisions of section 775.082(1), but asserted that the "second part of the statute which reads, `shall be required to serve no less than 25 years before becoming eligible for parole,' does not set a cap on the amount of time a defendant may serve under a life sentence, rather it simply establishes a floor."
The trial court erred by adopting the State's interpretation of section 775.082(1). The trial court was required to impose the life sentence mandated by section 775.082(1), Florida Statutes (1993), as well as the provision for parole eligibility after serving no less than twenty-five years. See Buford v. State, 403 So.2d 943, 954 (Fla. 1981) (holding that punishment of life imprisonment with a requirement that defendant serve no less than twenty-five years before becoming eligible for parole is an automatic sentence for capital sexual battery and the court has no discretion); Johnson v. State, 679 So.2d 9 (Fla. 4th DCA 1996) (reversing a life sentence without the possibility of parole for capital sexual battery as in excess of that authorized by the legislature).
We therefore reverse and remand for Duffy's sentence to be corrected to reflect *1244 his eligibility for parole after completion of the twenty-five year minimum mandatory term.
Reversed and remanded for resentencing.
CASANUEVA and WALLACE, JJ., Concur.