SALCINES, Judge.
Lewis Edward Wilkinson challenges the trial court’s order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On December 8,1983, Wilkinson pleaded nolo contendere to three counts of capital sexual battery on a child under the age of twelve. See § 794.011(2), Fla. Stat. (1983). He was sentenced pursuant to section 775.082(1), Florida Statutes (1983), which states the following:
A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole....
Wilkinson now contends that his sentence is illegal because the oral pronouncement of the trial judge and the written judgment did not include any language alluding to his eligibility for parole. This *111 allegation is meritless because the sentencing documents specifically indicated that he was to be imprisoned for a term of natural life and stated “pursuant to Florida Statute 775.082, the defendant shall serve a minimum mandatory of TWENTY-FIVE YEARS.” (emphasis in original). The 1988 version of the statute referenced by the trial court clearly provides that he shall be eligible for parole after serving twenty-five years. Wilkinson’s sentence was automatic—the court had no discretion. See Buford v. State, 403 So.2d 943, 954 (Fla.1981); Johnson v. State, 679 So.2d 9 (Fla. 4th DCA 1996).
We note that in Duffy v. State, 874 So.2d 1242 (Fla. 2d DCA 2004), this court reversed and remanded the denial of a motion to correct illegal sentence and instructed the trial court, on remand, to specifically reflect the defendant’s eligibility for parole upon completion of the twenty-five year minimum mandatory term. However, that case is distinguishable from the present case. Duffy was charged by information with one count of capital sexual battery occurring between October 2, 1993, and October 1, 1995. A jury found Duffy guilty as charged on April 24, 2001. The trial court sentenced him to life in prison without imposing the minimum mandatory twenty-five years with eligibility for parole, as required by section 775.082(1). In 1995, section 775.082 was amended to eliminate the possibility of parole for capital crimes that do not result in punishment by -death. Ch. 95-294, § 4, Laws of Fla. (effective October 1, 1995). Under the rule of lenity, Duffy was entitled to be sentenced under the 1993 version of the statute because it was more lenient. Duffy v. State, 874 So.2d at 1243; see Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996). Unlike Duffy, Wilkinson was originally sentenced under the 1983 version of section 775.082(1). Therefore, Duffy is not controlling.
We conclude that the trial court’s reference to section 775.082(1) and the minimum mandatory of twenty-five years in the sentencing documents was sufficient to indicate that Wilkinson will be eligible for parole after serving twenty-five years’ imprisonment.
Affirmed.
FULMER and STRINGER, JJ„ concur.