PER CURIAM.
Appellant challenges the order denying his Florida Rule of Criminal Procedure 3.800(a) motion in connection with his conviction for capital sexual battery. We reject Appellant’s challenge, except in one respect. We agree with Appellant that, based on the law applicable to his case, he is eligible for parole on the capital sexual battery conviction after serving a minimum mandatory twenty-five-year term. *1231 See Duffy v. State, 874 So.2d 1242 (Fla. 2d DCA 2004).
Among other things, Appellant was convicted of sexual battery on a person under 12 years of age. The information alleged that the offense occurred on September 24, 1994. In 1994, section 775.082(1), Florida Statutes (Supp.1994), provided that a person convicted of any capital felony other than murder in the first degree or a capital felony under section 790.161, Florida Statutes, was required to be sentenced to life imprisonment, but was eligible for parole after serving twenty-five years.[1] This legislative enactment took effect on May 25, 1994.[2] Section 775.082(1) was amended, effective October 1, 1995, to state that a person convicted of a capital felony shall be punished either by death or life imprisonment without parole.[3] The 1994 version applies to Appellant.
Appellant alleged in ground one of his rule 3.800(a) motion that he was improperly sentenced to life without parole. The trial court denied relief on this ground by stating that it was raised in a previous rule 3.800(a) motion. As the State concedes, a review of the court’s ruling fails to demonstrate that the court ruled on the precise issue raised by Appellant.
As the trial court has not conclusively refuted Appellant’s claim, the State requests that the case be remanded for additional review by the trial court. On remand, the lower court can either attach the written sentence showing that Appellant did receive a life sentence with a minimum mandatory twenty-five-year term, or the trial court may correct the sentence to include the minimum mandatory provision.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SAWAYA, MONACO and TORPY, JJ., concur.

. Capital sexual battery is not a capital felony under section 790.161.

. Ch. 94-228, § 1, Laws of Fla.

.Ch. 95-294, § 4, Laws of Fla.