PER CURIAM.
 

 The denial of appellant’s rule 3.850 motion is affirmed. Nevertheless, based on the date of appellant’s offenses, it appears he is in fact eligible for parole.
 
 See Duffy v. State,
 
 874 So.2d 1242 (Fla. 2d DCA 2004);
 
 Hurd v. State,
 
 807 So.2d 753, 754 (Fla. 3d DCA 2002);
 
 Johnson v. State,
 
 679 So.2d 9 (Fla. 4th DCA 1996);
 
 Dolan v. State,
 
 618 So.2d 271, 272 (Fla. 2d DCA 1993). Although he has no absolute right to parole, he is entitled to proper consideration for parole.
 
 See Moore v. Fla. Parole & Prob. Comm’n,
 
 289 So.2d 719, 720 (Fla. 1974). As a result, our affirmance is without prejudice for appellant to pursue any available administrative remedies or if he has exhausted his administrative remedies to petition the circuit court for a writ of mandamus.
 
 See Oishi v. Fla. Parole & Prob. Comm’n,
 
 418 So.2d 329 (Fla. 1st DCA 1982);
 
 Greer v. Fla. Parole & Prob. Comm’n,
 
 403 So.2d 1000 (Fla. 1st DCA 1981).
 

 GROSS, C.J., POLEN and FARMER, JJ., concur.