PER CURIAM.
In this Anders[1] appeal, Joseph Lowery seeks reversal of the circuit court’s grant *555 of his motion to correct illegal sentence to add a 3-year minimum mandatory provision, pursuant to section 775.087(2), Florida Statutes, but denying his request to withdraw his plea entered December 14, 2000. Appellant argues that he is entitled to withdraw his plea upon the entry of the corrected sentence because the 3-year mandatory minimum provision violates his original plea agreement. He relies on Hurd v. State, 807 So.2d 753 (Fla. 3d DCA 2002) and State v. Moore, 854 So.2d 832 (Fla. 5th DCA 2003) (where plea entered with express understanding that mandatory minimum will not be imposed, defendant must have opportunity to withdraw plea when court is required to enter mandatory minimum) to support his position.
The circuit court correctly found that Appellant’s motion under rule 3.800, Florida Rules of Criminal Procedure, was not the proper avenue to seek withdrawal of his plea. See Johnson v. State, 60 So.3d 1045 (Fla.2011). Rule 3.800 addresses the correction of sentencing errors, not the voluntariness or validity of pleas.
We note that our independent review of the record in this Anders appeal, as required by State v. Causey, 503 So.2d 321 (Fla.1987), reveals that Appellant’s original plea was not conditioned upon an agreement that no mandatory minimum sentence would be entered. The Sentence Recommendation, signed by Appellant on December 14, 2000, is devoid of any reference to an agreement that no mandatory minimum sentence would be imposed. To the contrary, the notation in the section entitled “Terms of Plea Entry and Sentence Recommendation Agreed Upon by the State and Defendant” provides: “Straight Up.” In addition, while the original mandatory minimum sentence of 10 years was later corrected by the trial court, the plea was not the. reason for this change. Appellant’s claim that his original plea precluded the entry of a statutorily required mandatory minimum sentence is thus refuted in the record.
Accordingly, the order granting correction of sentencing error, entered January 2, 2012, is AFFIRMED.
PADOVANO, THOMAS, and CLARK, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).