NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEE SLOPPY,                              )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D16-1701
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed December 28, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico, Judge.

Lee Sloppy, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrew Tetreault,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

            Lee Sloppy appeals the summary denial of his motion to correct an illegal

sentence filed under Florida Rule of Criminal Procedure 3.800(a). He raises two claims,

arguing in both that his written sentences do not reflect the trial court's oral

pronouncements at sentencing. The postconviction court summarily denied his motion,

but in doing so it only addressed the second of the two claims, apparently overlooking

the first.[1] Although we affirm the denial of the second claim without discussion, we reverse the denial of the motion and remand for the court to consider Mr. Sloppy's first claim, which the record indicates is facially sufficient and for which the State has conceded error.

On June 27, 2014, Mr. Sloppy pleaded guilty to one count of burglary and one count of failure to appear. The written sentences reflect that the trial court sentenced Mr. Sloppy to fifteen years' imprisonment as a prison releasee reoffender (PRR) for both charges, with the sentences to run concurrently. However, the trial court's oral pronouncement was that "[i]t's day-to-day on the burglary, [and] a concurrent five on the FTA." Later in the hearing, the trial court again addressed the sentence for the failure to appear and stated, "[a]djudicate, five years Department of Corrections, concurrent" to the fifteen years for the burglary. The trial court also noted that Mr. Sloppy was not sentenced as a PRR on the failure to appear, saying, "I don't need to habitualize him on [the failure to appear] because he's getting the fifteen PRR [on the burglary]."

Additionally, a fifteen-year sentence for failure to appear exceeds the statutory maximum. Failure to appear is a third-degree felony, § 843.15(1)(a), Fla. Stat. (2014), punishable by up to five years' imprisonment. § 775.082(3)(e), Fla. Stat. (2014). Failure to appear is also not a felony for which the State may seek a PRR sentence.

---

[1]Mr. Sloppy addressed the first issue in his motion's "Standard of this Review" section, which in essence reads more like a summary of the argument. However, Mr. Sloppy clearly raised the issue, labeling it as "Claim 1," and adequately expressed what he was arguing. See Tillman v. State, 287 So. 2d 693, 694 (Fla. 2d DCA 1973) (noting that pro se pleadings should be liberally construed).

§ 775.082(9)(a)(1).  Therefore, Mr. Sloppy has presented a facially sufficient claim that his sentence is illegal.  See Plott v. State, 148 So. 3d 90, 94 (Fla. 2014) ("[A] sentence that patently fails to comport with statutory or constitutional limitations is by definition 'illegal.' " (quoting State v. Mancino, 714 So. 2d 429, 433 (Fla. 1998))); King v. State, 86 So. 3d 1247, 1248 (Fla. 2d DCA 2012) ("The discrepancy between the oral pronouncement and written sentence is a valid basis for an illegal sentence claim under rule 3.800(a)."); Blocker v. State, 968 So. 2d 686, 691 (Fla. 2d DCA 2007) ("It has long been the law that the oral pronouncement of sentence controls over a written sentence.").

Because the postconviction court did not consider this claim when it denied Mr. Sloppy's motion, we are compelled to reverse and remand for the postconviction court to address it.  See Ferguson v. State, 778 So. 2d 387, 388 (Fla. 2d DCA 2001) (reversing and remanding for reconsideration when the postconviction court failed to address a facially sufficient claim that the written sentence did not comport with the oral pronouncement).

Affirmed in part, reversed in part, and remanded with instructions.


CASANUEVA, LaROSE, and SALARIO, JJ., Concur.