IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROGER D. SEELEY,

      Appellant,

v.                                   Case No.  5D16-3793

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 31, 2017

3.800 Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Roger D. Seeley, Florida City, pro se.

No Appearance for Appellee.

PER CURIAM.

Roger Seeley appeals the summary denial of his motion to correct illegal sentence

filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  In November of 1996,

Seeley was convicted of capital sexual battery and sentenced to life in prison.  His

judgment and sentence were affirmed. *Seeley v. State*, 701 So. 2d 1278 (Fla. 5th DCA

1997).

In Seeley's rule 3.800(a) motion, he alleges that his offense occurred between

January 1, 1994 and December 17, 1995.  These dates span two different sets of

guidelines, and he contends that he should have been sentenced under the more lenient version of the guidelines. In 1994, capital sexual battery was punishable by life in prison with the possibility of parole after twenty-five years' incarceration. § 775.082(1), Fla. Stat. (1993); § 775.082(1), Fla. Stat. (1994) (effective May 25, 1994). Effective October 1, 1995, parole was abolished for capital felonies, and capital sexual battery was punishable by life in prison. § 775.082(1), Fla. Stat. (1995). Here, under the rule of lenity, Seeley should have been sentenced pursuant to the 1993 version of the statute to life with the possibility of parole after twenty-five years. *See Duffy v. State*, 874 So. 2d 1242, 1243 (Fla. 2d DCA 2004); *see also Robinson v. State*, 955 So. 2d 1230 (Fla. 5th DCA 2007).

Seeley only attached one page of his sentence to his motion, and it reflects that he was sentenced to "natural life." There is no indication on this page that he is eligible for parole after twenty-five years. However, it is not clear whether eligibility for parole is provided for elsewhere in the judgment and sentence. Therefore, this matter is reversed and remanded to the trial court to either attach the judgment and sentence reflecting that Seeley did receive a life sentence with eligibility for parole after a minimum mandatory twenty-five year term, or the trial court may correct the sentence to reflect his parole eligibility after completion of the twenty-five year minimum mandatory term.

REVERSED and REMANDED.

PALMER and LAMBERT, JJ., and JACOBUS, B.W., Senior Judge, concur.