PER CURIAM.
We review Brown v. State, 560 So.2d 239 (Fla. 3d DCA 1989), because of its conflict with Pope v. State, 561 So.2d 554 (Fla.1990). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
The trial court imposed a sentence above the range of the sentencing guidelines without providing written reasons for the departure. Because of this, the court below remanded for resentencing and referred to its prior decision in Padgett v. State, 534 So.2d 1246 (Fla. 3d DCA 1988). In Padgett, the court under similar circumstances remanded with directions to the trial court to provide written reasons supporting the departure sentence.
In Pope, this Court held that when an appellate court reverses a departure sentence because no reasons have been given, it must remand for resentencing within the guidelines. Thus, the practice approved in Padgett of resentencing outside the guidelines so long as written reasons are then provided is no longer permitted.
We quash the decision below and disapprove of Padgett to the extent that it conflicts with this opinion. We remand with directions that Brown be resentenced within the range of the sentencing guidelines.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.