PARKER, Acting Chief Judge.
Keith John Smith appeals a trial court order denying his motion to correct an illegal sentence. We reverse.
Smith was originally sentenced in 1986 for second-degree murder. The trial court departed from the sentencing guidelines of twelve to seventeen years and imposed a ninety-nine-year sentence. On appeal, this court reversed the sentence for the trial court’s failure to provide a sentencing guidelines scoresheet and written reasons for the departure. Smith v. State, 497 So.2d 730 (Fla. 2d DCA1986). Upon remand, the trial court in 1987 again departed from the sentencing guidelines, imposed a ninety-nine-year sentence, and attached an order of aggravating circumstances.
Smith alleged in his motion to correct an illegal sentence that the trial court could not depart from the sentencing guidelines and list reasons for departure when the trial court failed to do so at the original sentencing. In denying Smith’s motion, the trial court’s order stated that this court’s mandate placed no prohibition as to the sentence to be imposed upon remand and found the sentence upon remand was not illegal. We conclude that finding was error.
The supreme court has made it clear that where the trial court at the original sentencing fails to provide written reasons for departing from the sentencing guidelines, a remand from the district court prohibits a departure when the defendant is resen-tenced. Brown v. State, 593 So.2d 1042 (Fla. 1992); Pope v. State, 561 So.2d 554 (Fla. 1990); Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
The state argues that the holdings in these cases should be applied prospectively only and that Smith’s departure sentence was a legal sentence because the court resen-tenced Smith before these cases had been decided. We disagree. In Smith v. State, 598 So.2d 1063 (Fla.1992), the supreme court concluded that Pope should be applied retrospectively to sentences imposed prior to April 26, 1990. This appellant, therefore, is entitled to the relief he seeks.
We reverse the trial court’s order denying the motion to correct illegal sentence and *1246 remand this ease for a sentence within the sentencing guidelines.
ALTENBERND and LAZZARA, JJ., concur.