680 So.2d 532 (1996)
Adolphus WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3284.
District Court of Appeal of Florida, First District.
June 13, 1996.
*533 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of a sentence imposed pursuant to the sentencing guidelines. Specifically, he asserts that the trial court erroneously scored six points for a "release program violation," and that the addition of those points resulted in a total score which required a state prison sentence. We agree that the trial court should not have scored a "release program violation." Accordingly, we vacate appellant's sentence, and remand for resentencing.
Incident to a plea agreement, appellant entered a plea of no contest to the charge of a lewd, lascivious or indecent assault on a child. The agreement provided that appellant would receive a guidelines sentence. At his sentencing hearing, appellant objected that the sentencing guidelines scoresheet which had been prepared contained an error because it included six points attributed to a "release program violation." He explained that he had previously received a 15-month sentence in federal court, to be followed by three years on federal "supervised release." His undisputed testimony was that the federal authorities had not yet made a determination that he had violated the conditions of that "supervised release." Therefore, he did not understand how six points could be scored for a violation. The trial court overruled appellant's objection, concluding that a violation of a federal "release program" could be scored under the applicable provision of the sentencing guidelines, and that a finding by the federal authorities that appellant had violated the conditions of his release was not a necessary condition precedent to scoring such a violation. With the six points included, appellant's point total was 55.6. The sentencing range permitted for such a point total was between 20.7 and 34.5 months in state prison. Appellant received a sentence of 27 months. This appeal follows.
Appellant's offense was committed in June 1994. Section 921.0014(1), Florida Statutes (1993), permits six points to be scored for each "release program violation," up to a total of 18 points. Section 921.0011(6), Florida Statutes (Supp.1994), reads:
(6) "Release program" includes:
(a) Parole.
(b) Control release, including emergency control release.
(c) Probation.
(d) Community control.
(e) Pretrial intervention or diversion.
(f) Provisional release supervision.
(g) Conditional release supervision.
(h) Supervised community release supervision.
(i) Conditional medical release supervision.
The statute does not address what must be proved before a "release program" may be found to have been violated.
Appellant presents two arguments, both of which are premised on the underlying proposition that penal statutes must be strictly construed in favor of an accused. He asserts that the points in question should not have been scored, first, because section 921.0011(6) does not expressly include in its definition of "release programs" federal programs such as that appellant was in; and, second, because, even if federal programs are included in the definition of "release programs," there had been no finding by an appropriate federal authority that appellant had violated the program into which he had previously been placed. We agree with appellant.
Appellant correctly observes that the provisions of chapter 921, Florida Statutes, must "be strictly construed" and that, *534 "when the language is susceptible of differing constructions, it [must] be construed most favorably to the accused." § 775.021(1), Fla. Stat. (1993). See Flowers v. State, 586 So.2d 1058 (Fla.1991) (construction mandated by section 775.021(1) applicable to sentencing guidelines). We believe that, read in context, section 921.0011(6) is susceptible to two differing constructions: (1) that the term "release program" is intended to encompass all of the programs identified, regardless of whether the program in question is a Florida program or one of another jurisdiction; and (2) that the term "release program" is intended to encompass only Florida programs. We base this in principal part on the fact that section 921.0011(6) makes no reference to programs of other jurisdictions; whereas section 921.0011(5), which defines "prior record," expressly includes in the definition "[c]onvictions by federal, out-of-state, military, or foreign courts." Construing the language of section 921.0011(6) "most favorably to" appellant, as we must, we conclude that it was not intended to encompass "release programs" of jurisdictions other than Florida.
We conclude, further, that, even if section 921.0011(6) was intended to include programs of jurisdictions other than Florida, points should not have been scored in this case. It is clear from section 921.0014(1) that points may be assessed only for a "violation" of a "release program." Strictly construing the word "violation," as we must, it seems to us relatively clear that there can be no "violation" until the authority responsible for placing the individual into a "release program" has reached a decision to that effect. Because the record in this case reflects that such a determination had not been made by the federal authorities as of the date of appellant's sentencing, it was error to score points on that basis.
The issues raised by appellant are unlikely to recur in any significant numbers because of subsequent amendments to section 921.0014(1). See § 921.0014(1), Fla. Stat. (1995) (eliminating scoring of points for "release program violation"). Nevertheless, because of the effect that the additional six points had on appellant's permitted sentencing range, they remain of some interest to him.
Removal of the six points in question will reduce appellant's total points from 55.6 to 49.6. Under the guidelines, the decision to incarcerate in state prison is left to the discretion of the trial court if the total points are more than 40, but less than or equal to 52. However, if the total points exceed 52, the sentence must be to state prison. § 921.0014(1), Fla. Stat. (1993). Moreover, a reduction in the total points to 49.6 also reduces the permitted sentencing range from between 20.7 and 34.5 months, to between 16.2 and 27 months. The 27-month sentence imposed by the trial court was approximately midway between what the trial court understood to be the permitted minimum and maximum sentences. However, it is the maximum permissible sentence using the corrected point total. While it is true that the trial court could elect, on remand, again to sentence appellant to 27 months in prison, we find nothing in the record to convince us that it would. Accordingly, we vacate appellant's sentence, and remand with directions that the trial court resentence appellant using a corrected guidelines scoresheet which does not include points for "release program violation." See Thomas v. State, 659 So.2d 404 (Fla. 4th DCA 1995) (although use of corrected scoresheet will not necessarily result in different sentence, resentencing required where appellate court not convinced that same sentence would be imposed).
SENTENCE VACATED; and case REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.