682 So.2d 602 (1996)
Andrew HANKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03318.
District Court of Appeal of Florida, Second District.
October 30, 1996.
*603 W. Thomas Wadley of Yanchuck, Berman & Kasaris, P.A., St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, convicted of grand theft, challenges his upward departure sentence on the grounds that the aggravating circumstances allowed in section 921.0016(3)(n), Florida Statutes (1993), to be used as grounds for departure, are unconstitutionally vague and in violation of due process. Although the state concedes error, albeit on different grounds, we conclude that the state's concession is in error. We, therefore, address the constitutional question presented and conclude that there is no merit in appellant's argument. We affirm.
Appellant maintains that the aggravating circumstances in section 921.0016(3)(n), Florida Statutes (Supp.1994) (effective date: 1/1/94) are unconstitutionally vague, and the court should not have used them to depart from appellant's recommended guidelines range. The state responds that that statutory section does not apply to appellant's offenses because at the operative moment in time, when appellant began committing his offenses, the statute was not in effect. That argument is based on the fact that under section 921.001(4)(b)3, Florida Statutes (1995), felonies with continuing dates of enterprise are to be sentenced under the guidelines in effect on the beginning date of the criminal activity, which, in appellant's case, was December 1991 or April 1992. Appellant completed his offenses in 1994. However, this just-quoted statute, section 921.001(4)(b)3, did not take effect until 1995, with the result that case or statutory law in effect before the enactment of that section would apply. The existing law was Puffinberger v. State, 581 So.2d 897 (Fla.1991), where the supreme court held that the law in effect at the end of the criminal enterprise applied. Accordingly, the 1994 sentencing guidelines would apply to appellant's departure sentence. As such, the court did not err in applying the section 921.0016(3)(n) aggravating circumstances to depart from the guidelines in sentencing appellant.
Having concluded that the correct law was applied, we must address appellant's contention that the aggravating factors contained within that law are unconstitutionally vague and in violation of due process. We note first that, since these departure reasons affect a "quantifiable determinant of the length of sentence that may be imposed on a defendant," they involve "fundamental `liberty' due process interests," thus entitling this court to consider their constitutionality for the first time on appeal. State v. Johnson, 616 So.2d 1 (Fla.1993).
We find no merit, however, in appellant's challenge to the constitutionality of this section. A statute is generally considered vague if it is not specific enough to give persons of common intelligence an understanding and adequate warning of the proscribed conduct. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); Sanicola v. State, 384 So.2d 152 (Fla. 1980). We note that this statute is not a penal statute that serves to criminalize an act, but is a sentencing statute. As such, it does not, in itself, criminalize conduct, but addresses punishment for those offenses once convicted. In addition, in determining the constitutionality of a statute, all doubts are to be resolved in favor of the constitutionality of the statute. An act will not be declared unconstitutional unless it is determined to be "invalid beyond a reasonable doubt." Todd v. State, 643 So.2d 625 (Fla. 1st DCA 1994).
With this in mind, we conclude that this section withstands constitutional scrutiny. It cannot be said that the statute is invalid beyond a reasonable doubt. The only section of the statute that need be addressed specifically is the opening paragraph of section 921.0016(3)(n) which allows an upward departure because "[t]he offense resulted in substantial economic hardship to a victim and consisted of an illegal act or acts committed by means of concealment, guile, or fraud to obtain money or property to avoid payment or loss of money or property, or to obtain *604 business or professional advantage, ...." Under Cuda v. State, 639 So.2d 22 (Fla.1994), the phrase "illegal act" must be accompanied by some other reference to clarify it. We believe this statute met the Cuda standard since the "illegal act" here is further defined by the latter part of the phrase that begins, "by means of concealment, guile, or fraud." Our review of the remainder of the statute leads us to conclude that it is not "invalid beyond a reasonable doubt" since a person of common intelligence would understand what conduct is to be punished.
We, therefore, conclude that the statute is not constitutionally infirm. Accordingly, we affirm.
PARKER and QUINCE, JJ., concur.