770 So.2d 309 (2000)
William MAITRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-603.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
Richard L. Jorandby, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the motion for clarification, withdraw our previous opinion, and substitute the following.
We affirm appellant's convictions and write to address only the sentencing issue.
The Florida Supreme Court has held Chapter 95-184, Laws of Florida, to be unconstitutional because it violates the single-subject rule. See Trapp v. State, 760 So.2d 924, 925 (Fla.2000); Heggs v. State, 759 So.2d 620, 621 (Fla.2000).
*310 After the briefs were filed in this case, the supreme court ruled that the window period for challenging 95-184 on single subject grounds
opened on October 1, 1995, when such amended guidelines provisions became effective, and closed on May 24, 1997, when chapter 97-97, Laws of Florida, reenacted the amendments contained in chapter 95-184 as part of the biennial adoption process. Stated another way, persons such as [appellant] who are challenging a sentence imposed under the sentencing guidelines as amended by chapter 95-184 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997.
Trapp, 760 So.2d at 928.
Here, appellant was charged with:
Count I: Lewd, Lascivious or Indecent Act on a child between February 1, 1997 and August 31, 1997;
Count II: Lewd, Lascivious or Indecent Act on a child on September 1, 1997; and
Count III: Unlawful Sexual Activity With A Minor 16 or 17 Years of Age between November 1, 1996 and December 31, 1996.
Count II was committed outside the applicable window period. Count III was committed inside the window period. The time frame alleged in Count I goes beyond the date when the window closed. However, the rule of lenity requires the assumption that the offense occurred within the window period. See § 775.021(1), Fla. Stat. (1997); Griffith v. State, 654 So.2d 936, 938 (Fla. 4th DCA 1995), quashed on other grounds, 675 So.2d 911 (Fla.1996) (noting rule of lenity required assumption that "all of the convictions represented violations that occurred while the defendant was under the age of 16").
Thus, Counts I and III fall within the window period and defendant has standing to challenge them. In his brief, defendant points out that proper sentencing would have required the use of two scoresheets to calculate his sentence "[o]ne scoresheet covering counts one and three, which occurred before May 24, 1997, and another for count two which occurred after."
In Heggs, the supreme court held that "in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here."
759 So.2d at 627.
Here, appellant's scoresheet, using the 1995 guidelines, totaled 318.8 points, resulting in a permitted range of 218.1 to 363.5 months in prison. The record does not contain a 1994 scoresheet. As the second district wrote in Smith v. State, 761 So.2d 419, 420 (Fla. 2d DCA 2000),
we do not anticipate that we will be able to calculate scoresheets under the 1994 guidelines in most cases because that function can involve issues of fact. Thus, rather than reversing sentences affected by Heggs, we intend to remand these cases to the trial courts to calculate new scoresheets. If the trial court determines that it must vacate an existing sentence, it should conduct a new sentencing hearing and impose a new sentence.
(Citation omitted). See Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000) (agreeing with the analysis in Smith "on the need to remand such cases for a recalculation of the appellant's sentences under the 1994 guidelines scoresheet").
We therefore affirm the convictions and remand for a determination of whether appellant's sentences for Counts I and III imposed under the 1995 guidelines could have been imposed under the 1994 guidelines without a departure. If not, appellant must be resentenced. If the trial court determines that resentencing is required in Counts I and III, it is authorized *311 to resentence under Count II with a revised, recalculated scoresheet.
KLEIN, GROSS, JJ., and FINE, EDWARD H., Associate Judge, concur.