ON MOTION FOR REHEARING

STEVENSON, J.
Appellant, James Glynn (Glynn), was tried by jury and found guilty of two counts of sexual battery. We affirm the judgment of conviction and the sentence.[1]
The victim, D.B., was 22 years old at the time of the trial. D.B.’s mother moved in with Glynn at his Tamarac, Florida, home when D.B. was about 12 years old. D.B.’s mother and Glynn married about a year later. D.B. testified that Glynn began to sexually molest her in various ways, including having intercourse with her, starting in July of 1992 when she was 15 years old. In August of 1994, D.B. and her brother, along with Glynn, moved to Ohio to begin work on a new residence that Glynn was constructing for the family. D.B.’s mother remained behind in Florida to work. Between December of 1994 and July of 1995, Glynn, D.B., and her brother moved back to the home in Tamarac, Florida. D.B. testified that, between those dates, there was continuing sexual activity between her and Glynn, including oral sex and intercourse. In July of 1995, Glynn, D.B., and her brother moved back to Ohio *204 to continue working on the home he was building there. Again, D.B.’s mother remained in Florida.
D.B. testified that, in February or March of 1996, she left the apartment in Ohio and moved in with her boyfriend, Ronald Brooks. According to D.B., prior to that time, Glynn continued to ask her to engage in sexual activities, but she felt that she could refuse since she was 18 years old. One night, she confided in Brooks and told him that her stepfather had been molesting her. Brooks convinced her to tell her mother, and her mother immediately called the authorities.
In all, D.B. testified that Glynn had sexual intercourse with her approximately fifteen to thirty times in their home in Florida between 1992 and 1994. She also testified that Glynn had sex with her approximately two or three times while they lived in Ohio between 1994 and 1996.
Glynn was charged in Ohio for the conduct that occurred there, and in Florida for the conduct which occurred here between October of 1993 and August of 1994. The Ohio trial took place first, and Glynn entered a plea of no contest to sexual battery. During Glynn’s Florida, trial, the State filed a notice of intent to offer Williams rule testimony concerning the Ohio incidences of sexual misconduct, pursuant to Florida Rule of Criminal Procedure 3.220(1). The trial court subsequently admitted the Ohio evidence.
Appellant raises four issues on appeal, arguing that the trial judge abused his discretion in (1) admitting statements that he made under oath during the sentencing hearing at the Ohio trial, (2) denying him the use of a demonstrative exhibit, (3) limiting the testimony of his expert, and (4) allowing the victim’s boyfriend to testify. We affirm and write to address only the first issue concerning the admission of statements that Glynn made at the sentencing hearing in Ohio.
After Glynn presented testimony through his medical expert, Dr. McAleer, that he could not have engaged in sexual activity while in Ohio due to a condition called hydrocele,[2] the State made a proffer outside the hearing of the jury, seeking to admit Glynn’s statements made during the sentencing phase of his Ohio trial. Ultimately, the trial judge found that Glynn’s Ohio statements were proper rebuttal to the testimony presented by the defense. At the sentencing hearing in Ohio, after he pled no contest to sexual battery of D.B., Glynn stated:
I’m sorry for what happened, I do accept the responsibility, it is something that happened and I’m very sorry for it. Basically, I’ve always been a good citizen, I’ve always abided by the law, I am going to pay the retribution, I am working steady, I am also self-employed in landscape contracting.
We find that the tidal judge did not abuse his discretion in admitting Glynn’s Ohio statements since the jury could have concluded that these statements were an admission to the State’s Williams rule evidence, and that they were inconsistent with the defense evidence. It is well-established that a trial court has broad discretion regarding the admissibility of rebuttal testimony. See Allred v. State, 642 So.2d 650, 651 (Fla. 1st DCA 1994); Brown v. State, 579 So.2d 898, 899 (Fla. 4th DCA 1991); Grant v. State, 577 So.2d 625, 627 (Fla. 1st DCA 1991)(citing Pitts v. State, 473 So.2d 1370 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986)).
*205 Accordingly, we cannot say that the trial judge abused- his discretion in admitting Glynn’s Ohio statements in this trial. On all other issues raised, we also affirm.
AFFIRMED.
DELL and GROSS, JJ., concur.

. We withdraw the original opinion issued on March 28, 2001, and substitute the following in its place.

. [1] Appellant's urology expert, Dr. McAleer, defined hydrocele as a collection of fluid that creates a cyst in the scrotum and causes it to become dramatically enlarged.