ON MOTION FOR REHEARING OR CERTIFICATION

PER CURIAM.
We deny the Defendant’s Motion for Rehearing and Certification. We substitute the following opinion for the original.
We reverse the trial court’s sentence and remand for further sentencing. We affirm the conviction in all other aspects.
Statutory amendment to section 921.011 specifically required points for penetration to be scored absent injury. That statute was effective April 8, 1992. Prior to that amendment, the issue was governed by Karchesky v. State, which allowed victim injury points only where actual injury was shown. 591 So.2d 930 (Fla.1992).
The Defendant was convicted of sexual battery on a person under the age of 12 “on or between December 31, 1991 and September 27, 1995.” The trial court added points for penetration on the Defen *1124 dant’s scoresheet, but there appeared to be no finding of actual injury.
Since there were a few months during the offense time frame where Karchesky would apply, the rule of lenity requires us to apply Karchesky. Maitre v. State, 770 So.2d 309 (Fla. 4th DCA 2000). We reverse and remand. for an evidentiary hearing to determine whether victim injury points should be added under Karche-sky.
The Defendant also appeals his sentence to life without parole. The trial court’s oral pronouncement in sentencing was .life with the possibility of parole after 25 years; however, the written sentence did not reflect the possibility of parole. We remand for the trial court to conform its written sentence to its oral sentence.
The Defendant also appeals what he claims to be one general sentence for counts one and two. .The trial court’s intention was unclear in the notations on the sentencing sheets as to whether there was one general sentence or two separate concurrent sentences. Therefore, we remand to the trial court for clarification and imposition of two separate sentences.
In conclusion, we reverse for an eviden-tiary proceeding on the penetration points, adjustment of the sentence to conform with the oral pronouncement, and imposition-of two separate sentences for counts one and two. We affirm the conviction in all other aspects.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR SENTENCING.
GUNTHER, TAYLOR, JJ., and DELL, JOHN W., Senior Judge, concur.