820 So.2d 1043 (2002)
Ralph GROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2132.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
Samuel R. Halpern, of Samuel R. Halpern, P.A., Fort Lauderdale, for appellant.
*1044 Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The continuing nature of the defendant's criminal enterprise, which spanned pre and post-1994 guidelines, provided the trial court with an interesting sentencing option. The trial court was given the choice of applying the sentencing guidelines in effect at the beginning of the enterprise or those in effect at the end of the enterprise. The trial court chose the earlier date, which resulted in a forty year prison sentence. From that sentence, the defendant appeals. We affirm.
On September 20, 1996, a jury convicted the defendant of multiple counts, including RICO violations and Conspiracy to Commit RICO. He appealed to this court, which affirmed his conviction. He subsequently filed a pro se motion to correct sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). He successfully argued that the trial court had used the wrong sentencing guidelines scoresheet to determine his sentence. He claimed that for those crimes that were part of a continuing criminal enterprise which spanned two periods encompassing both the pre- and post-1994 guidelines, the trial court was required to use both guidelines scoresheets. The State agreed and the offenses were rescored.
He also argued that for those crimes with a continuing date from 1993 through part of 1994, the guidelines in effect at the end of the enterprise applied. He was not successful in this argument. The trial court applied the guidelines in effect at the beginning of the criminal enterprise.
At issue is whether the trial court imposed an illegal sentence on the defendant when it applied the sentencing guidelines in effect at the beginning of the defendant's criminal enterprise rather than those in effect at the end. We find that the sentence under consideration was legal and did not violate the defendant's constitutional rights. As such, the trial court properly denied the defendant's 3.800(a) motion to correct the sentence in this regard.
Rule 3.800(a) provides that a "court may at any time correct an illegal sentence imposed by it." Fla. R.Crim. P. 3.800(a). The Rule is "intended to balance the need for finality of conviction and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of the law." Carter v. State, 786 So.2d 1173, 1176 (Fla. 2001).
To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutesgiven a specific set of factsto impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.
Id. at 1178 (quoting Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999)).
We must determine whether a sentence, which applied the guidelines in effect at the beginning of a criminal enterprise rather than those in effect at the end, is "a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Id. The defendant argues that the existing case law required the application of the guidelines in existence at the end of the criminal enterprise. See Puffinberger v. State, 581 So.2d 897 *1045 (Fla.1991); and Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996). We disagree.
The main issue in Puffinberger was whether a defendant's nonscoreable juvenile record could be used as a reason to depart from sentencing guidelines. The Supreme Court of Florida held that the record could only be used if it was "significant" and the resulting departure was not greater than it would have been if the record could have been scored. The Court further found that the use of sentencing guidelines that applied to the end dates of a continuing crime did not violate the prohibition against ex post facto laws. In Hankin, the Second District Court of Appeal construed Puffinberger to mandate the use of the sentencing guidelines in effect at the end of the criminal enterprise. We disagree with that interpretation and conclude that Puffinberger did not dictate such a result. Thus, while the trial court should have followed Hankin as the law was then silent in the Fourth District, we now expressly declare that the trial court had the discretion to apply the guidelines in effect at the beginning of the enterprise.
The defendant argues, however, that the trial court violated the prohibition against ex post facto laws by applying the 1995 version of section 921.001(4)(b)3, Florida Statutes (1995), to a criminal enterprise that ended in 1994. That statute now dictates the use of the guidelines in existence at the beginning of the continuing criminal enterprise. A thorough review of the sentencing, which took place in two separate hearings over a nine-day time period, fails to reveal that the trial court relied upon that statute in sentencing the defendant. The trial court simply stated: "I've thought about this sentence a lot before I even sentenced Mr. Gross. I gave him originally 40 years. I thought it was fair then and I think it's fair now. And I can't find any reason to mitigate it." Thus, the defendant's argument fails in this regard.
There simply was no statute or supreme court decision dictating the use of the end dates at the time the trial court resentenced the defendant. Thus, we cannot say that the sentence imposed was "a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Blakley, 746 So.2d at 1186-87.
The defendant also argues that the rule of lenity dictates a reversal as it would require the application of guidelines resulting in the lowest sentence. We disagree. The rule of lenity, codified in section 775.021(1), Florida Statutes (2001), provides that "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."
The rule of lenity, which by its own terms requires strict construction, should be construed strictly. What does it require? First, it requires courts to "strictly construe" provisions of the code and offenses defined by other statutes. Second, when statutory language "is susceptible of differing constructions", courts are required to construe it "most favorably to the accused." What the rule of lenity doesn't address is what to do when the law is silent on an issue.
Sentencing guidelines are subject to the rule of lenity. See Williams v. State, 680 So.2d 532 (Fla. 1st DCA 1996). However, no statute addressed the issue of which guidelines apply to a continuing criminal enterprise. Strict construction does not equate to court creation. When there is no statute or rule to construe, the *1046 rule of lenity has no application. It cannot apply to that which does not exist.
As the sentence was legal, the trial court properly denied the 3.800(a) motion on this issue. The order and sentence are affirmed.
GUNTHER and STEVENSON, JJ., concur.