833 So.2d 312 (2003)
Charles CAIRL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3511.
District Court of Appeal of Florida, Second District.
January 3, 2003.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Richard Doran, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.

EN BANC
Charles Cairl appeals the sentences he received for his convictions for handling and fondling a child under the age of sixteen and committing a lewd and lascivious act in the presence of a child under the age of sixteen. The trial court originally sentenced Cairl, after jury trial, under the 1995 guidelines. In response to a motion filed pursuant to Florida Rule of Criminal *313 Procedure 3.800(b)(2), Cairl was resentenced under the 1994 guidelines as required by Heggs v. State, 759 So.2d 620 (Fla.2000). However, the trial court denied Cairl's claim that he should be sentenced under the most lenient guidelines in effect during the time frame alleged in the information and, instead, applied the guidelines in effect on the end date alleged in the information. We conclude that the trial court erred and, therefore, reverse and remand for resentencing.
Cairl was charged with two single offenses alleged to have occurred on or between January 1, 1991, and February 4, 1997. Cairl argues that because these dates straddle three different sentencing guideline time frames and because neither the evidence nor the verdict pinpointed the date of the offenses, he is entitled to be sentenced under the most lenient of the three, which was the version in effect between January 1, 1991, and April 7, 1992.[1] We agree.
In its order addressing Cairl's motion, the trial court made a finding that, based on the evidence presented at trial, the time frame within which the offenses were alleged to have been committed could be narrowed to between September 11, 1992, and February 4, 1997. The trial court then relied on our opinion in Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996), to conclude that prior to October 1, 1995, case law established that in cases where continuing dates of enterprise exist, the end date is used to determine which guidelines apply. In Hankin, this court stated that prior to 1995, "[t]he existing law was Puffinberger v. State, 581 So.2d 897 (Fla.1991), where the supreme court held that the law in effect at the end of the criminal enterprise applied." 682 So.2d at 603. Given this language in Hankin, we understand the trial court's ruling that Cairl should be sentenced under the 1994 guidelines based on the end date of February 4, 1997. However, we now conclude that Hankin applies an overly expansive reading of Puffinberger.
In Puffinberger, the defendant's offense was committed during a time frame that spanned the date of a change in the law adding permitted ranges to the guidelines. The supreme court, in remanding for resentencing on an unrelated issue, addressed the defendant's contention that use of the permitted range in resentencing would violate the prohibition against ex post facto laws. The court stated that because the defendant was convicted of an offense which continued after the effective date of the permitted guideline ranges, use of this range does not violate the ex post facto law prohibition. Thus, contrary to what we stated in Hankin, Puffinberger does not mandate the use of the guidelines in effect at the end of a time frame such as that alleged in Cairl's information.
We digress at this point to discuss section 921.001(4)(b)(3), Florida Statutes (1995), which provides that felonies with continuing dates of enterprise are to be sentenced under the guidelines in effect on the beginning date of the criminal activity. In Hankin, this court acknowledged the enactment of section 921.001(4)(b)(3) and stated that this provision did not apply to Hankin because it took effect in 1995, after *314 Hankin completed his offenses in 1994.[2] Thus, by implication we concluded that but for the effective date this provision would apply in Hankin's case. We now conclude that section 921.001(4)(b)(3) should be applied only in cases where the charged felony is a true continuing offense and should not be applied in cases such as Cairl's where the information charges an offense that occurred at some unidentified point in time during a specified time frame. See Young v. Moore, 820 So.2d 901 (Fla.2002).
Cairl's argument in this appeal is based on the rule of lenity, which was not discussed in Hankin. Cairl cites a number of cases in support of the proposition that when sentencing laws change during a period in which a defendant is alleged to have committed an offense, the defendant should be sentenced under the more lenient version of the guidelines. See Schloesser v. State, 697 So.2d 942 (Fla. 2d DCA 1997); Duer v. Moore, 765 So.2d 743 (Fla. 1st DCA 2000); Maitre v. State, 770 So.2d 309 (Fla. 4th DCA 2000); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996). Each of these cases cites State v. Griffith, 675 So.2d 911 (Fla.1996), as authority for applying the rule of lenity.
In Griffith, the defendant was charged with committing offenses that spanned the period of time when the defendant was between fifteen and seventeen years of age. The supreme court approved a Fourth District decision that applied the rule of lenity to arrive at the assumption that the defendant was under sixteen when he committed all the offenses. 675 So.2d at 912. Griffith supports the view that Cairl is entitled to the benefit of the doubt and should be sentenced under the most lenient version of the guidelines in effect during the time frame alleged in the information. Further, we agree with Cairl's contention that without a jury finding as to the offense dates, Cairl is entitled to be resentenced to the most lenient version of the guidelines in effect during the time frame alleged in the information as opposed to the time frame that the trial court determined should apply. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984) ("Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode.").
Accordingly, we recede from Hankin to the extent that it conflicts with our holding herein.[3]
Reversed and remanded for resentencing.
BLUE, C.J., and PARKER, ALTENBERND, WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, COVINGTON, KELLY, and CANADY, JJ., Concur.
NOTES
[1] The three relevant sentencing guideline times frames are: (1) January 1, 1991, to April 7, 1992, during which Karchesky v. State, 591 So.2d 930 (Fla.1992), controlled the issue of victim injury points; (2) April 8, 1992, to December 31, 1993, during which Karchesky was abrogated by statute (see § 921.001, Fla. Stat. (Supp.1992); Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994)); and (3) January 1, 1994, to February 4, 1997, during which the 1994 guidelines apply (see Mays v. State, 717 So.2d 515 (Fla.1998); Trapp v. State, 760 So.2d 924 (Fla.2000)).
[2] Although we stated that the statute took effect in 1995, this provision was originally enacted as part of chapter 95-184, Laws of Florida, the chapter law at issue in Heggs v. State, 759 So.2d 620 (Fla.2000), and did not take effect until May 24, 1997.
[3] We do not recede from our holding in Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996), wherein this court addressed a challenge to an upward departure sentence on the ground that the aggravating circumstances allowed in section 921.0016(3)(n), Florida Statutes (1993), is unconstitutionally vague. We held that "the statute is not constitutionally infirm." 682 So.2d at 604.