COVINGTON, Judge.
David Bigbee appeals the sentence he received after filing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Bigbee originally pleaded guilty to four counts of handling and fondling a child under the age of sixteen years. The trial court imposed concurrent sentences of ten years’ incarceration followed by fifteen years’ probation. After Bigbee filed the rule 3.800(a) motion, the trial court agreed that the sentences exceeded the statutory maximum and resentenced Bigbee to concurrent terms of ten years’ incarceration followed by five years’ probation. Bigbee now appeals the resentencing, claiming that the trial court used the incorrect sentencing guidelines. We agree and reverse for resentencing.
The charge detailed in count one of the information was alleged to have occurred between January 1, 1992, and September 2, 1997, while the charges outlined in counts two, three, and four of the information were each alleged to have occurred between May 1, 1997, and September 2, 1997. The trial court scored all of the offenses under the 1995 sentencing guidelines because those guidelines were in effect on September 2, 1997, the final date on which all four counts could have occurred. The trial court erred.
Bigbee’s offenses were not true continuing enterprises. Instead, Bigbee’s offenses were ones “that occurred at some unidentified point in time during a speci *1287 fied time frame.” [1] See Cairl v. State, 833 So.2d 312, 313-14 (Fla. 2d DCA 2003). Since a jury made no specific finding as to the offense dates, Bigbee “is entitled to be resentenced to the most lenient version of the guidelines in effect during the time frame alleged in the information.” Id. at 314.
Thus, on count one, Bigbee is entitled to be resentenced under the 1991 sentencing guidelines, and on the remaining counts, Bigbee is entitled to be resentenced under the 1994 sentencing guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Accordingly, we reverse and remand for resentencing under the appropriate sentencing guidelines.
Reversed and remanded.
SALCINES and VILLANTI, JJ., . Concur.

. Prior to October 1, 1995, the end date of a continuing enterprise determined the applicable sentencing guidelines. See Puffinberger v. State, 581 So.2d 897 (Fla.1991); Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003). Section 921.01 l(4)(b)(3), Florida Statutes (1995), took effect on October 1, 1995, and provided that continuing enterprises are to be sentenced under the guidelines in effect on the beginning date of the criminal activity. Cairl, 833 So.2d at 313-14.