868 So.2d 1280 (2004)
James GLYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2612.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
James Glynn, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Glynn appeals an order denying his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a).
Glynn was convicted of two counts of sexual battery. On direct appeal, he did not challenge his sentence. This court affirmed. See Glynn v. State, 787 So.2d 203 (Fla. 4th DCA 2001).
In his rule 3.800(a) motion, Glynn argued that the trial court erred in sentencing him under the 1993 sentencing guidelines instead of the 1994 guidelines.
Count I of the underlying information charged Glynn with a sexual battery that occurred between October 1, 1993 and October 1, 1994; count II charged a sexual battery that occurred between October 1, 1993 and August 31, 1994. The testimony at trial did not narrow the time of the offenses. The jury was not asked to decide when the offenses occurred. The time frames for the charges overlap the effective date of the 1994 guidelines, which is January 1, 1994.
We agree with Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003) (en banc), that *1281 Glynn is entitled to the "most lenient version of the guidelines in effect during the time frame alleged in the information." Id. at 314; see also State v. Griffith, 675 So.2d 911 (Fla.1996); Maitre v. State, 770 So.2d 309 (Fla. 4th DCA 2000); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996).
We distinguish this case from Gross v. State, 820 So.2d 1043 (Fla. 4th DCA 2002), because that case involved a continuing criminal enterprise under the RICO statute. This case involves discrete acts, not a continuous or ongoing criminal offense.
We therefore reverse this case for resentencing under the 1994 sentencing guidelines.
STONE, GROSS and TAYLOR, JJ., concur.