958 So.2d 596 (2007)
Terence M. SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3620.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Terence M. Scott, Belle Glade, pro se.
Bill McCollum, Attorney General, Tallahassee, and August Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse, in part, the trial court's summary denial of Scott's rule 3.850 motion for post-conviction relief and remand for an evidentiary hearing as to claims five, six, seven, and eight. As to all other claims, the order is affirmed.
Scott entered into a negotiated plea. In claim five, Scott argues that trial counsel failed to advise him that the dates in the charging document fell within the window period to pursue a Heggs[1] challenge under Trapp v. State, 760 So.2d 924, 928 (Fla. 2000). Scott asserts that he qualifies for sentencing under the 1994 guidelines because the crime he committed was not a true continuing offense under Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); therefore, the offense *597 date would be considered the beginning of the offense. Scott alleges that had counsel informed him of his eligibility to be sentenced under the 1994 guidelines, he would not have agreed to the terms of his plea. In his sixth claim, Scott argues that trial counsel erroneously qualified the plea agreement based on the wrong scoresheet.
In claim seven, Scott argues that his plea was involuntary, as counsel failed to inform him that the state's plea offer utilized the more onerous of two sentencing schemes and its use exposed him to an ex post facto violation. In his eighth claim, Scott alleges that his plea was involuntarily entered into when trial counsel misinformed him of the applicability of Florida Rules of Criminal Procedure 3.704 and 3.992(a). Rule 3.704 deals with use, purpose, rules, and definitions under the Criminal Punishment Code (CPC). Rule 3.992(a) gives a CPC scoresheet example. If Scott was entitled to be sentenced under the guidelines and not the CPC, and counsel failed to inform Scott of this and qualified the plea agreement based on an incorrect scoresheet, then Scott may be entitled to withdraw his plea.
The beginning of the offense date, as stated in the charging document, is January 1, 1996, at which time the unconstitutional 1995 guidelines were in effect. Those sentenced under the unconstitutional guidelines can be re-sentenced if their offenses were committed on or after October 1, 1995, and before May 24, 1997. Trapp, 760 So.2d at 928. Scott is entitled to be sentenced under "the `most lenient version of the guidelines in effect during the time frame alleged in the information.'" Glynn v. State, 868 So.2d 1280, 1281 (Fla. 4th DCA 2004) (citing Cairl v. State, 833 So.2d 312, 314 (Fla. 2d DCA 2003)). In Cairl, the court recognized that where the defendant was charged with acts of lewd and lascivious conduct within a period of time without a finding as to a specific offense date, and the time period for the offense "straddled" three different sentencing guidelines, the defendant is to be given the benefit of the most lenient scoresheet. Id. at 312-14.
The state argues that Glynn and Cairl are distinguishable because in those cases, the defendants did not enter into negotiated pleas. However, Scott is still entitled to the use of the most lenient applicable sentencing guidelines.
Scott's scoresheet was calculated under the CPC and not a version of the guidelines. If Scott's offense date was January 1, 1996, then the 1995 guidelines would have applied. The 1995 guidelines were found unconstitutional; therefore, the 1994 guidelines would apply. Scott's claim that he would not have accepted the plea bargain had trial counsel informed him of that fact is sufficient.
We note that there was no explicit agreement or waiver with respect to this issue. See, e.g., Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995) (stating that while a defendant can waive jail credit, the waiver must be clear on the record). Furthermore, while generally an error in calculations on a scoresheet may be considered harmless when a defendant enters into a negotiated plea, Ruff v. State, 840 So.2d 1145, 1147 (Fla. 5th DCA 2003), here, there is no simple error in the scoresheet calculations but, instead, the wrong scoresheet and type of scoresheet was used.
The state also argues that Scott's claim is legally insufficient because he does not explicitly allege that but for counsel's error, he would not have entered a guilty plea. However, Scott essentially states such in alleging that, had he known he could be sentenced under the guidelines, he would not have entered into a plea for *598 twelve years imprisonment, which could not be imposed under the guidelines, absent a departure.
The state also argues that these claims are procedurally barred as raised in a previous rule 3.800(a) motion. However, on the record before us, this court cannot determine whether Scott's claim would be barred.
We, therefore, remand for an evidentiary hearing or attachment of records that refute these claims.
STONE, POLEN and MAY, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000).