*696
 
 PLEUS, JR., R., Senior Judge.
 

 Jeffrey McDonald entered an open plea of no contest to lewd or lascivious molestation, a first-degree felony under section 800.04(5)(a)-(b), Florida Statutes (1999). In this direct appeal he challenges the trial court’s ruling on his motion to correct a sentencing error, arguing the offense should have been classified as a second-degree felony instead of a first-degree felony. We agree with the trial court’s determination that the offense to which he pled was a first-degree felony but remand for a minor correction.
 

 McDonald contends that since the information alleged he molested his daughter “on or between 1998 through 2007,” he must be sentenced under the most lenient version of section 800.04 in effect during that period. The most lenient version defined the crime of “lewd, lascivious, or indecent assault” as a second-degree felony. § 800.04(1), Fla. Stat. (1997). Substantial revisions that became effective October 1, 1999, redefined the crime and reclassified “lewd or lascivious molestation” as a first-degree felony. § 800.04(5)(a)-(b), Fla. Stat. (1999). The statute was again amended effective September 1, 2005, to reclassify the offense as a first-degree felony punishable by life imprisonment. § 800.04(5)(a)-(b), Fla. Stat. (2005).
 

 We reject McDonald’s argument because there was ample evidence that he molested the child several times between October 1, 1999, and August 31, 2005, when the version of section 800.04 classifying the offense as a first-degree felony was in effect. This evidence was embodied in the charging affidavit and expressly accepted by McDonald in entering his plea. Because the parties stipulated below that no offense occurred on or after September 1, 2005, the effective date of the amendment reclassifying the offense as a first-degree felony punishable by life, it is clear where McDonald falls in the statutory revisions. The fact that he may have
 
 also
 
 molested the child on earlier dates when the offense was classified as a second-degree felony does not entitle him to be sentenced under that version of the statute. Indeed, McDonald is fortunate that he was charged with only one count of molestation.
 
 Cf. Whittingham v. State,
 
 974 So.2d 616, 618-19 (Fla. 4th DCA 2008).
 

 The evidence establishing when the molestations were perpetrated distinguishes the present case from the
 
 Cairl
 
 case relied upon by McDonald. The court in
 
 Cairl
 
 found that neither the evidence nor the verdict pinpointed the date of the crime and, therefore, held that the defendant was entitled to be sentenced under the most lenient version of the guidelines in effect during the time-frame alleged in the information.
 
 Cairl v. State,
 
 833 So.2d 312, 313-14 (Fla. 2d DCA 2003).
 

 Our decision in
 
 Bradley v. State,
 
 971 So.2d 957 (Fla. 5th DCA 2007),
 
 approved by,
 
 3 So.3d 1168 (Fla.2009), is more analogous to the present case than
 
 Cairl.
 

 Bradley pleaded no contest to robbery and was sentenced to a mandatory minimum term for discharging a firearm during the crime. Bradley filed a postcon-viction motion arguing the mandatory minimum sentence was illegal because the information did not allege discharge of the firearm. The trial court denied relief, and we affirmed. In doing so, we recognized that while discharge of a firearm was an essential element that should have been alleged in the information, decisional law in Florida has allowed a plea to supply elements missing from a charging document. We emphasized that in entering his plea, Bradley expressly agreed to the mandatory minimum term and stipulated to the facts alleged in the complaint affidavit, which stated he had discharged a firearm during the robbery. We there
 
 *697
 
 fore concluded Bradley’s explicit plea to discharge of a firearm “constituted his consent to the implicit amendment of the information to include this element, particularly since it is clear from the record that Mr. Bradley was not misled or prejudiced by the unwritten amendment to the information.”
 
 Id.
 
 at 960.
 

 The principles enunciated in
 
 Bradley
 
 are persuasive in the present case, even though McDonald entered an open plea rather than a negotiated plea. Like the defendant in
 
 Bradley,
 
 McDonald stipulated to the facts in the charging affidavit and was fully aware of the nature and consequences of his plea. In fact, McDonald believed he was pleading to a first-degree felony punishable by life. Thus, he was not prejudiced or misled in any way that would entitle him to be resentenced to a second-degree felony. If, as the court held in
 
 Bradley,
 
 a plea can supply an essential element missing from the charging document, it follows that McDonald’s plea can supply the date of the offense with greater particularity, since time is not ordinarily an essential element of the crime.
 
 See, e.g., Tingley v. State,
 
 549 So.2d 649, 651 (Fla.1989).
 

 In sum, the trial court correctly determined the offense should be classified as a first-degree felony. In its oral ruling on McDonald’s postconviction motion, the trial court imposed the same fifteen-year prison term originally decreed but reduced probation from life to fifteen years and the degree of the offense from a first-degree felony “punishable by life” to a first-degree felony. We approve this ruling.
 

 Because the corrected judgment and sentence did not reflect the change in the degree of the offense, we remand with directions to delete the “punishable by life” designation, which is apparently a mere scrivener’s error. We affirm in all other respects.
 

 AFFIRMED in Part and REMANDED for sentence correction.
 

 LAWSON, J., and WOHN, R, Associate Judge, concur.