CONNER, J.
John Kevin Holt (Holt) appeals the denial of his motion to correct illegal sentences filed under Florida Rule of Criminal Procedure 3.800(a). After a jury trial, Holt was convicted and sentenced on four felony sexual offenses involving a child victim. On initial appeal, this court sent the case back for resentencing on all four counts. See Holt v. State, 38 So.3d 811 (Fla. 4th DCA 2010). After the resentencing, Holt filed the motion to correct illegal sentences as to three counts, but on appeal Holt addresses counts 1 and 2 only. The court did not enter an order on the motion, thus the motion is deemed denied. The state agrees on appeal there is error in the sentences for counts 1 and 2.
Count 1 charged Holt with sexual battery on a child under twelve years of age by a person eighteen years of age or older in violation of section 794.011(2), Florida Statutes (Supp.1992). The amended information alleged the offense occurred between October 26, 1992, and October 25, 2001. On resentencing, the court imposed a sentence of imprisonment for a term of “natural life.” In 1992, the crime was classified as a “capital felony” punishable by life imprisonment with a minimum mandatory sentence of twenty-five years before becoming eligible for parole. Thus, a sentence to a term of “natural life” does not conform to the statutory sentence.
Count 2 charged Holt with a lewd act on a child under sixteen years of age in violation of section 794.011(2), Florida Statutes. The amended information alleged the offense occurred between October 26, 1992, and October 1, 1999. The jury was not asked by its verdict to decide when the offense occurred. The time period of the offense straddles more than one sentencing guideline. Where the time period for the offense straddles different sentencing guidelines, the defendant is entitled to the benefit of the most lenient sentencing guideline. Scott v. State, 958 So.2d 596 (Fla. 4th DCA 2007); Glynn v. State, 868 So.2d 1280 (Fla. 4th DCA 2004). In this situation, the most lenient sentencing guideline is the 1992 guideline. The fifteen-year sentence imposed at resentencing for count 2 exceeds the 1992 guideline. As the trial court gave no reasons for an upward departure sentence, on remand for further resentencing the trial court must impose a sentence within the guideline. Brown v. State, 593 So.2d 1042 (Fla.1992); Pope v. State, 561 So.2d 554 (Fla.1990).
We therefore reverse this case for re-sentencing on counts 1 and 2 in conformity with this opinion.
TAYLOR and MAY, JJ., concur.