PER CURIAM.
AFFIRMED. See McDonald v. State, 15 So.3d 695 (Fla. 5th DCA 2009) (holding defendant who entered an open plea to lewd or lascivious molestation was not entitled to be sentenced under most lenient version of section 800.04, Florida Statutes, *370 in effect during multi-year period alleged in information where there was ample evidence that defendant molested child victim when amended version of section 800.04, classifying the offense as a first-degree felony, was in effect; where defendant was fully aware of nature and consequences of his plea; and where defendant understood he was pleading to a first-degree felony); Greene v. State, 714 So.2d 554, 557 (Fla. 2d DCA 1998) (“As to his second issue, Mr. Greene argues that the trial court lacked a valid reason to depart from the sentencing guidelines. In departing upward, the trial court [properly] relied upon the vulnerability of the victims due to age.”).
TORPY, C.J., SAWAYA and LAWSON, JJ., concur.